# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

COLLIER AND OTHERS V. SEWARD AND ROPER AND OTHERS.

March 14, 1912.

1. EQUITY PLEADING—*What Constitutes a Final Decree.*—Where the further action of the court in the cause is necessary to give completely the relief contemplated by the court, there the decree upon which the question arises is to be regarded not as final, but as interlocutory. To be interlocutory, however, the further action of the court must be in the cause, as distinguished from those measures which are necessary for the execution of the decree that has been pronounced, and which are properly to be regarded as adopted, not in but *beyond* the cause, and as founded on the decree or mandate of the court, without respect to the relief to which the party was previously entitled upon the merits of his case.

2. EQUITY PLEADING—*Final Decree—Case in Judgment—Answer.*—A decree which settles the principles of a cause is clearly appealable, but not necessarily final. If a decree does not purport to be final, makes no order for costs, and shows upon its face that further action "in the cause" is intended, and is necessary to give completely the relief contemplated by the court, both as to the creditors of the judgment debtor, who are complainants in the cause, and as to the purchasers of the real estate sold therein, it is not a final decree. In the case in judgment, further action "in the cause" was necessary in order to decree money to creditors and to perfect the titles of purchasers, and hence the defendant had the right to file an answer thereto, under the provisions of section 3275 of the Code.

Appeal from a decree of the Hustings Court of the city of Petersburg. Decree for the complainants. Defendants appeal.

*Reversed.*

The opinion states the case.

*E. P. Buford* and *Willcox & Willcox,* for the appellants.

*Roper & Davis, Charles E. Plummer,* and *William B. McIlwaine,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The first question to be considered in this case is whether or not the decree of January 19, 1911, is a final decree. If it is, the appellants were not entitled to file their answer when tendered at the April term of the court following.

What constitutes a final decree in a cause has been frequently considered by this court, and the rule laid down by Judge Baldwin in *Cocke's Adm'r* v. *Gilpin, &c.,* 1 Rob. (40 Va.) 20, has been, as was said by Judge Staples in *Ryan, &c.* v. *McLeod, &c.,* 32 Gratt. (73 Va.) 367, and reiterated by Judge Burks in *Rawlings* v. *Rawlings,* 75 Va. 76, "repeatedly recognized by this court, and is now the established doctrine."

That rule is as follows: "Where the further action of the court in the cause is necessary to give completely the relief contemplated by the court, there the decree upon which the question arises is to be regarded not as final, but interlocutory. I say the further action of the court *in* the cause, to distinguish it from that action of the court which is common to both final and interlocutory decrees—to-wit, those measures which are necessary for the execution of a decree that has been pronounced, and which are properly to be regarded as adopted, not in but beyond the cause, and as founded on the decree or mandate of the court, without respect to the relief to which the party was previously entitled upon the merits of his case."

The decree of January 19th overrules the demurrer to the amended and supplemental bill filed in the cause the previous December, amends and confirms a commissioner's report of the liens and priorities of the creditors and of the interest of the judgment debtor in the trust estate under the will of Sarah V. Fisher, determines what creditors are entitled to participate in the distribution of the interest of the judgment debtor in that estate and in what proportions. After declaring that it appears to the court that partition of the real estate in which the judgment debtor has an one-eighth interest cannot be conveniently made; that the

rents and profits thereof will not satisfy the liens thereon in five years; that the appellants, the other parties interested in the said trust fund, desire that the one-eighth interest therein may be allotted to them, they to pay therefor the sum of $6,341.05, the fair value thereof in the opinion of the court, the offer of the appellants is accepted, and it is decreed that the appellants, naming them, do pay that sum, with interest on a certain part thereof, on or before March 13, 1911, into some bank in the city of Petersburg, payable to the court in the cause; special commissioners are appointed to convey to the appellants, with covenants of special warranty, the said one undivided eighth interest of the judgment debtor in the said trust estate; and the special commissioners are required to report how they have executed the decree.

While the decree settles the principles of the cause, and is clearly an appealable decree, it is not a final decree under the rule established by our own decisions, as stated above. The further action of the court "in the cause" was necessary before the creditors could receive payment out of the proceeds of the sale of the trust fund, which was ordered to be deposited in some bank of the city, payable to the court in the cause, and the title of the purchasers of the land would not be perfected until the conveyance directed had been made, the action of the special commissioners had been reported, and their report confirmed by the court.

The decree does not purport to be a final decree. There is no decree for costs, and the decree shows upon its face that further action "in the cause" was intended, and was necessary to give completely the relief contemplated by the court, both as to the creditors of the judgment debtor and the purchasers of the real estate sold in the cause.

We are of opinion, therefore, that the trial court erred in holding that the said decree was final, and in refusing, on that ground, by its decree of April 8, 1911, to permit the appellants to file their answer to the amended and supplemental bill, of which bill the original bill is made a part. Under section 3275 of the Code, the appellants had the right to file an answer at any time before final decree, as therein provided. *Bear* v. *Simmons*, 9 Gratt. (50 Va.) 389, and cases cited in Va. Rep. Ann.

For this error, without deciding any other question in the cause,

Opinion.

the decree of April 8, 1911, refusing appellants leave to file their answer, must be reversed, and the cause remanded to the hustings court, with directions to permit the appellants to answer the amended and supplemental bill, and for further proceedings in the cause.

*Reversed.*