# 𝔚𝔶𝔱𝔥𝔢𝔟𝔦𝔩𝔩𝔢

HENRY M. WILLIAMS, BY &C. V. SIVIA DEAN.

June 10, 1940.

Record No. 2246.

Present, All the Justices.

The opinion states the case.

*George S. Harnsberger,* for the appellant.

*Wharton & Aldhizer,* for the appellee.

HOLT, J., delivered the opinion of the court.

James Williams died intestate at his home in Rockingham county on June 11, 1935, leaving to survive him as heirs and distributees a widow, Rosa Lee Williams, and an infant son, Henry Williams. The estate was small, consisting of personalty worth about $50 and some real estate.

At the first February rules, 1937, of the Circuit Court of Rockingham county Sivia Dean, suing on behalf of herself and other creditors of this decedent, filed her bill in which she set up this note of decedent's for $300. It reads:

"Elkton, Va., May 24, 1935.  192...                No.....
                THE BANK OF ELKTON
                    Incorporated
PAY TO THE ORDER OF Barrow three hundred doll..$ from
Mrs. Sivia Dean all the lots that I ............. DOLLARS
FOR bough from larnce lame stands good for it till it is paid
for
                                            JIM WILLIAMS

                    (on reverse side)
                      JIM WILLIAMS
        Instre.......... is to be paid on every 6 month
                    4c on dollar."

Mr. George S. Harnsberger, who had been appointed guardian *ad litem* for this infant, and J. W. Bazzle, sheriff of Rockingham county, to whom this estate had been committed, both answered and said that this note was not decedent's note.

The court not being advised of its judgment, on October 18, 1938, ordered an issue out of chancery to determine its validity, and on November 22, 1938, that jury returned this verdict, which was confirmed by decree of November 23, 1938:

"We, the jury, believe the paper writing, dated May 24, 1935, alleged by Sivia Dean to have been executed and delivered to her by James Williams, sometimes referred to as Jim Williams, is the act and obligation of the said James Williams.

T. R. COOLEY, foreman."

On November 25, 1938, the court being of opinion that this debt constituted an equitable lien upon lots bought from Larnce Lame so decreed and at the same time directed a reference to ascertain decedent's debts.

This note had not been assessed for taxes and no mention was made of that fact in plaintiff's bill. On March 3, 1939, she filed a petition setting out reasons for this omission and expressed a willingness that all taxes be paid out of the first recovery to be provided for by proper order. To that. petition the guardian *ad litem* demurred and said that the decree of November 23rd was a final decree, and that it was void because the plaintiff had not complied with section 69 of the Tax Code, Code 1936, Appendix, p. 2414. The infant also answered by his next friend and set out nineteen reasons which, in his opinion, made it improper for the court to consider plaintiff's petition, the substance of which also is that said Tax Code provision has not been observed.

On July 20, 1939, the cause came on again "to be heard, upon the papers, heretofore read, proceedings heretofore had, upon the petition of Sivia Dean filed in this cause on March 3, 1939, to the filing of which petition defendants excepted, upon the demurrer to the said petition filed by Geo. S. Harnsberger, guardian *ad litem* for Henry M. Williams, and joinder therein by complainant, upon the peti-

tion of Henry M. Williams, an infant, by Silas Williams, his next friend, filed in this cause on July 17, 1939, to the filing of which petition Sivia Dean excepted, upon the demurrer filed to said petition by Sivia Dean, and joinder therein by the said defendants, the cause set for hearing, and was argued by counsel."

The demurrer filed by Sivia Dean was sustained and that by the guardian *ad litem* was overruled for the reason that it had been made to appear "that Sivia Dean was willing to pay all delinquent taxes out of the recovery on her evidence of debt, together with penalties thereon."

The decree of November 23, 1938, was not final; much remained to be done. The priority of plaintiff's judgment had to be determined and land had to be sold before it could be paid; indeed, so far as the record goes she may never be paid at all.

"A final order is one which disposes of the whole subject, gives all the relief contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done in the case save to superintend ministerially the execution of the order." 1 Minor's Inst. 800.

Moreover, if it be a final order, it is final as to all parties of the cause, and since it would be final as to the defendants, they could not appeal. Unless void, it was interlocutory and appealable. Appealable interlocutory orders may, while the cause is pending, be changed, modified or set aside. *Hurley* v. *Bennett,* 163 Va. 241, 176 S. E. 171.

Of course if void, it is of no effect. "When a judgment is declared to be void the possibilities of language have been exhausted. It may be assailed anywhere at any time and in any court." *Bray* v. *Landergren,* 161 Va. 699, 172 S. E. 252.

It was not void. We have many times held that section 69 of the Tax Code is a revenue measure, and this question is set at rest, if any law question is ever set at rest, by *Fidelity & Casualty Co. of New York* v. *J. S. Lackland, ante,* page 178, 8 S. E. (2d) 306, in an opinion handed

down by Mr. Justice Eggleston on April 8, 1940, which in part reads:

"Section 69 of the Tax Code, as amended, Code 1936, Appendix, p. 2414, requires either an allegation in the pleadings or proof that a claim of this character has been properly assessed for taxation, or proof that the suitor is willing that the taxes be paid out of the first recovery on the evidence of the debt. Plainly the statute is a revenue measure and was not designed to entrap the unwary litigant or to release the debtor.

"Moreover, the section authorizes the court, with the consent of the suitor, to provide in its judgment for the payment to the proper officer out of the first collection on the judgment of all taxes and penalties due on the claim.

"In the instant case the plaintiffs testified at the trial below that they were willing to pay the necessary taxes. Their attitude is the same in this court. Under such circumstances the manifest purpose of the statute will be accomplished, we think, by remanding the case to the trial court for such further order as may be necessary to provide for the proper assessment and payment of such taxes. *Eastern Public Service Corp.* v. *Funkhouser,* 153 Va. 128, 142, 149 S. E. 503."

There is no occasion to remand the instant case, for provision for collection has already been made.

█ Tax Code, section 69, provides that at any time before final judgment the plaintiff may prove that he "has not paid, or is unable to pay these taxes and penalty but is willing for the same to be paid out of the first recovery on the evidence of debt." One of two constructions of this subsection is possible: It might be held that a plaintiff must, as a prerequisite to recovery, show that he is unable to pay, or it might be that inability to pay was not essentially necessary but that it was enough if he proved that he was willing that the same be paid out of the first recovery. This is the construction which we have adopted upon the theory, as we have seen, that its primary purpose is to raise revenue and not to entrap a litigant or to release a debtor.

A number of exceptions have been presented but none of them can avail unless the decree of November 23, 1938, is void. It is not void.

The decrees appealed from are without error and for that reason they must be affirmed.

*Affirmed.*