# Staunton

## Myrtle Mitchell Cox v. H. H. Williams, Etc.

September 6, 1944.

Record No. 1835.

Present, All the Justices.

The opinion states the case.

*Quillen & Carter* and *H. E. Widener,* for the appellant.

*E. H. Richmond,* for the appellees.

Holt, J., delivered the opinion of the court.

Is this judgment a lien upon 70½ acres of land owned by the appellant, Myrtle Mitchell Cox?

Abstract of judgment:

"Peoples National Bank of Gate City, Va., Inc.
vs.
R. C. Duff, H. C. Gibson, and H. H. Williams
Date of judgment: July 14, 1924
Judgment rendered in Circuit Court of Scott County, Va.
Docketed Aug. 11, 1924, at 9:20 A. M.
Amount of judgment: Judgment for $1,000 with legal interest from Nov. 18, 1923, and 10% atty. fee thereon until paid and the costs, to-wit: $9.25.
Homestead waived.
The notice alleges that the note sued on has been reported for taxation and assessed for each and every year on the first day of Feb. of which plff was owner of the same.
Cr. $500.00 as of Dec. 20, 1923.

OFFICERS' RETURNS

Not executed by order of the plaintiff Nov. 28/24.
C. C. PALMER,
S. S. C.

The surety H. H. Williams paid this off April 1st, 1925.
PEOPLES NATIONAL BANK,
GATE CITY, VA.
By H. P. BOATWRIGHT,
Cashier.

For value received this judgment is hereby assigned to H. H. Williams. This March 12, 1928.
PEOPLES NATIONAL BANK OF
GATE CITY, VA., INC.
By H. P. BOATWRIGHT,
Cashier."

The chancellor below thought it to be a lien and so decreed. From that decree Mrs. Cox has appealed to this court.

This is that part of its chain of title pertinent to our inquiry:

W. H. Mitchell died intestate, leaving to survive him his widow, Lucinda Venus Mitchell, and his daughter, Mrs. Myrtle Mitchell Cox. The widow is now dead, and this daughter is the sole heir surviving. At the time of his death, he was the owner of about 700 acres of land in Scott county, made up in part of this 70½ acre tract. It was conveyed to him by deed from C. H. Cowden and Ella M. Cowden, his wife, of date June 9, 1923, recorded on June 11, 1923.

C. H. Cowden took title by deed of date November 17, 1922, the grantors therein being H. C. Gibson and Mabel Gibson, his wife, and W. J. Rollins and Esther Rollins, his wife. This deed was never recorded.

On February 27, 1919, C. A. Cowden and Martha, his wife, and C. H. Cowden and Ella M., his wife, conveyed 280 acres of land, including this 70½ acre lot, to H. C. Gibson for the sum of $20,500, of which sum $200 was paid in cash and the balance was to be paid in three equal installments. It was recorded on November 7, 1919.

On July 14, 1924, the Peoples National Bank of Gate City obtained its judgment, here under review, against R. C. Duff, H. C. Gibson and H. H. Williams. Williams, who was an accommodation endorser, paid the amount due thereon and took an assignment of it from the bank.

There is a motion to dismiss, and in that motion it is said that a final decree in this cause was entered on July 17, 1941. If that be true, the appeal, of course, came too late, for we did not receive the record until December 4, 1943. If that was a final decree, that motion should be sustained. But it was not.

Plaintiffs, in their bill, ask that this judgment be held not to bind their land. Williams, in his answer and cross-bill, asks that it be held a valid lien; that necessary accounts be taken; that the land be sold, and for general relief.

The decree relied upon is, in part, this:

"The court is of the opinion that the judgment in favor of the People's National Bank against H. C. Gibson and others, which judgment has heretofore been assigned to H. H. Williams, is a valid and subsisting lien on the tract of land mentioned and described in these proceedings, containing 70½ acres, more or less, and that the said H. H. Williams is entitled to have the tract of land aforesaid, containing 70½ acres, more or less, subjected to the judgment aforesaid for the amount of $1,000.00, with interest from 11/18/23, 10% attorney's fee and costs, subject to a credit of $500.00 as of December 20, 1923.

"It is therefore, adjudged, ordered and decreed that this cause be referred to J. H. Dixon, one of the Commissioners in Chancery of this court, to ascertain and report as follows:

"1. The liens existing on the said tract of real estate mentioned and described in these proceedings, containing 70½ acres, more or less, formerly owned by H. C. Gibson and the order of their priorities; and

"2. The fee simple value of the said real estate; and its rental value; and

"3. To convene all of the creditors of H. C. Gibson and W. H. Mitchell and ascertain the several amounts of each and the order of their priority; * * * "

In *Allen* v. *Parkey*, 154 Va. 739, 149 S. E. 615, 154 S. E. 919, it is said:

"A decree is final only when the entire subject matter is disposed of and nothing left save such ministerial acts as may be necessary to its complete enforcement. *Richardson* v. *Gardner*, 128 Va. 676, 105 S. E. 225. * * * 'Final decrees are appealable and interlocutory decrees sometimes are, but in the latter case the party aggrieved is not bound to appeal within six months, but where the requisites therefor exist may do so within six months after final decree has been entered in the cause.' *Colvin* v. *Butler*, 150 Va. 672, 143 S. E. 333, 334; *Southern Ry. Co.* v. *Glenn*, 98 Va. 309, 36 S. E. 395; *Hess* v. *Hess*, 108 Va. 483, 62 S. E. 273;

Barton's Chancery Practice (3rd ed.), page 949." See also, *Williams* v. *Dean*, 175 Va. 435, 9 S. E. (2d) 327.

[3] This is an appealable decree but not final. *Collier* v. *Seward*, 113 Va. 228, 74 S. E. 155.

The motion to dismiss is without merit.

On September 4, 1920, Gibson and wife executed a title bond or contract of sale under which they were to convey this 70½ acre tract of land to W. J. Rollins, the purchase price being $4,900, of which sum $1.00 was paid in cash, the balance to be paid by October 15, 1920. This contract was duly recorded.

It is appellant's contention that this title bond is in legal effect a deed and since it was recorded prior to the docketing of said judgment, the judgment lien could never have been a lien against the land in question, and in support of this contention she cites Code, section 5193 (Michie), 1942, which reads, in part, as follows:

"If in writing and recorded, as valid as deeds.—Any such contract or bill of sale as is mentioned in the preceding section, if in writing and signed by the owner of the property, shall, from the time it is duly admitted to record, be, as against creditors and purchasers, as valid, so far as it affects real estate, as if the contract were a deed conveying the estate or interest embraced in the contract, and so far as it affects goods and chattels, as if possession had completely passed at the time of such admission to record."

On May 17, 1922, Gibson and wife and Rollins and wife executed a deed to C. H. Cowden for it. In this deed is this statement which tells why Rollins and wife joined therein:

"Whereas by title bond in writing dated on the 4th day of September, 1920, and recorded in the clerk's office of Scott county, Virginia, in deed book No. 66, page 320, H. C. Gibson and wife, Mabel Gibson, sold the land here-inafter fully described to W. J. Rollins, and whereas said contract has been rescinded and the said W. J. Rollins and wife join in this as a release deed releasing all their right, title and interest in and to said tract of land."

The purchase price, as we have seen, was $4,900, to be paid by October 16, 1920. The vendee, for reasons satisfactory to himself, decided not to complete his purchase and to make that manifest joined in the deed of November 17, 1922; that is to say, he wished to make this abandonment a matter of record.

The failure to record the deed to Cowden did not divest him of title, although so far as the judgment creditors of Gibson are concerned, title remained in Gibson, for the deed from him and Rollins to Cowden was not recorded. In short, it is reasonably clear that any claim under the title bond was promptly abandoned. It was abandoned and treated as a nullity by the grantee, as it is in fact.

Next the statute of limitations is invoked.

We may advert for a moment to the chain of title:

On February 27, 1919, Cowden sold this lot to Gibson. On September 4, 1920, Gibson sold it to Rollins under a contract which was afterwards rescinded, and on November 17, 1922, Gibson and wife sold said lot to Cowden, which deed was never recorded. On June 9, 1923, Cowden sold it to Mitchell. That is to say, for more than twenty years the Mitchells and their precedessors in title have been in undisputed possession of this lot.

In the deed from Cowden to Mitchell this appears:

"The parties of the first part grants, bargain, sell and convey unto the said party of the second part, with covenants of special warranty that certain tract of land lying and being in Rye Cove, Scott county, Virginia and being part of the land conveyed to H. C. Gibson, by C. H. Cowden and wife, Ellen M. Cowden, by deed dated Feb. 27th, 1919, and recorded in the clerk's office of Scott county, Virginia, in deed book No. 65, page 35, and bounded and described as follows: * * * "

That is to say, the Mitchell chain of title goes back to Gibson; they hold under him but not against him.

On July 14, 1924, the Peoples National Bank of Gate City obtained a judgment against R. C. Duff, H. C. Gibson and

H. H. Williams for $1,000. Williams was an accommodation endorser on the note reduced to judgment. He paid it and the bank assigned it to him. On this judgment execution issued on November 28, 1924. It was not executed but was returned by order of the owner, and the judgment is still alive. *Rowe* v. *Hardy*, 97 Va. 674, 34 S. E. 625, 75 Am. St. Rep. 811.

In support of her plea of the statute of limitations, appellant rests her claim on Code, section 5805, and on *McClanahan* v. *Norfolk, etc., R. Co.*, 122 Va. 705, 96 S. E. 453. Code, section 5805, reads:

"Limitation of entry on or action for land.—No person shall make an entry on, or bring an action to recover, any land lying east of the Alleghany mountains, but within fifteen years, or any land lying west of the Alleghany mountains, but within ten years, next after the time at which the right to make such entry or bring such action shall have first accrued to himself or to some person through whom he claims. For the purposes of this section the county of Carroll shall be held and considered as lying wholly west of the Alleghany mountains."

The Mitchells and their predecessors in title have been in undisputed possession of this land for time out of mind. No one is seeking to make an entry on this land or to bring an action for its recovery. In fact, as we have seen, the Mitchells claim under Gibson and not against him.

In the *McClanahan Case* it was said that under Code, section 2915, now Code, section 5805, the mere holding of a lien does not stop the running of the statute in favor of an adverse occupancy. The court goes on to say:

"The decision in *Flanary* v. *Kane*, 102 Va. 547, 46 S. E. 312, 681, so strongly relied upon by counsel for appellants, is not, in our opinion, in conflict with the conclusions we have announced. Upon the contrary, that case, and the case of *Pratt* v. *Pratt*, 93 U. S. 704, 24 L. Ed. 805, which it follows as authority, will be found upon analysis to furnish illuminating illustrations of the true doctrine applicable to

the facts of the instant case. Those cases did not involve questions of genuine adverse possession. In *Flanary v. Kane*, the defense was sought to be made that the defendants had acquired title against the judgment creditors by adverse possession, but as a matter of fact the possession was not adverse. There was not in that case, as there is here, a conflict of title. The possession, so far as the former owner and his creditors were concerned, was rightful from the beginning. The so-called adverse occupant held and claimed title by, through and under the judgment debtor.".

In *Flanary v. Kane*, 102 Va. 547, 46 S. E. 312, 681, is this statement in headnote No. 2 sustained by the record:

 "Where the recitals of a deed under which a purchaser claims show that a third person was formerly the equitable owner of the land, such purchaser is charged with notice of that fact, and the land is bound in his hands for prior judgments against such equitable owner which have been duly docketed."

 In the *McClanahan Case* Judge Kelly said that that was still good law and that the judgment in the *Flanary Case* was not one which rested upon adversary possession. And that is this case; at no time has the holding of Mitchell been adverse to Gibson or to anybody else.

Plaintiffs, in their bill, said:

"That your complainants are entitled to have the said H. H. Williams, his heirs, successors and assigns permanently enjoined from proceeding to attempt the collection of said alleged judgment, either at law or in equity."

Williams, in his cross-bill, is seeking to do what plaintiffs ask that he be enjoined from doing; that is to say, he is asking that a judgment lien be enforced.

Mrs. Cox wanted her lot retrieved from its lien and asked the court to so order. Its owner, answering, said that this lien was a good one and asked the court to enforce it. The court did what is usual in such circumstances. It referred the matter to a master commissioner with directions to report the lien, the rental value of the property, together with

other matters deemed pertinent, etc. The matter sifted down to this: The owner asked that the collection of this lien be enjoined—something which any land owner might ask should he think that there was any chance that a court might listen to his prayer. The owner's cross-bill makes this in substance a creditor's suit. There was a reference to a commissioner with such directions as are ordinarily given in such cases.

Finally, it is said that the Cowden vendor's lien has not been reported and does not appear to be satisfied as of record. Cowden is a party to this suit and has not asserted it. A master commissioner has in substance reported that it did not exist, and even if it were a subsisting lien, it is barred by the statute of limitation.

Williams is the owner of this judgment as an assignee for value.

The decree appealed from should be affirmed.

*Affirmed.*