50 So.2d 179 (1951)
FOLEY et al.
v.
STATE ex rel. GORDON, Constable Fifth Justice District, Polk County.
Supreme Court of Florida, en Banc.
January 23, 1951.
*181 Milton D. Wilson, Bartow, and J. Lewis Hall, Tallahassee, for appellants.
H.E. Oxford and J.C. Rogers, Lakeland, for appellees.
HOBSON, Justice.
This is an appeal by the Board of County Commissioners of Polk County, Florida, from an order for issuance of peremptory writ of mandamus directed to said Commissioners on the relation of Pat Gordon as Constable of the Fifth Justice District of said County, commanding said Commission to pay the relator the sum of $247.82 fees for services in bringing back a prisoner from Norfolk, Virginia.
The petition for alternative writ of mandamus alleges that the relator was the constable of the said Fifth Justice District of said County; that a warrant for the arrest of Frank E. Fales upon the charge of embezzlement was issued by the Justice of the Peace of the district wherein the relator was acting as constable and was delivered to relator for execution; that said relator made exhaustive investigation and search to apprehend and arrest the said Frank E. Fales and that through relator's efforts said Fales was apprehended in Norfolk, Virginia; that the alleged felon waived extradition, whereupon in the month of July, 1947, the relator, as constable aforesaid, drove his automobile from Lakeland, Florida to Norfolk, Virginia, where he took the said Frank E. Fales into custody and returned him to Florida, and that the said Frank E. Fales thereafter entered a plea of guilty to said charge in the Criminal Court of Record of Polk County and was sentenced to serve a term of imprisonment in the State Penitentiary; that subsequently the relator prepared statement in the amount of $247.82 and presented the same for payment to the Board of County Commissioners of Polk County, Florida, but that said Board failed and refused to pay the same, although it was their legal duty so to do.
The Board of County Commissioners of Polk County, by and through its attorney, filed motion to quash the alternative writ on the grounds, among others, that said alternative writ showed no right in relator to the relief prayed for, that the laws of the State of Florida did not require respondents to do or perform the acts sought to be compelled, that the alternative writ did not show authority of relator to leave the State of Florida for the purpose therein alleged, and that said alternative writ did not allege that the Governor of the State of Florida had appointed relator to go out of the State of Florida and return the prisoner aforesaid.
Thereafter, the Honorable D.O. Rogers, Judge of the Circuit Court in and for Polk County, Florida, entered order that peremptory *182 writ of mandamus issue to the County Commissioners commanding them to pay to the relator the sum of $247.82, from which order appeal has been perefected to this Court.
It is not contended that the constable, appellee herein, did not perform the services which he claims to have performed; nor is his good faith questioned.
In our consideration of this cause there is at the threshold the question of the constable's authority to go, as he did, into another state and return an alleged felon. The determination of this question was necessarily involved in the proceedings below and it must be presumed that the lower court, in issuing its peremptory writ, decided this question favorable to the constable. The appellant has not expressly raised or argued this question; hence, we do not pass upon it under the well recognized theory of appellate procedure that an appellate court will review only those alleged errors properly presented to it.
The real question presented for our determination is whether the Board of County Commissioners is authorized by law to pay appellee, Pat Gordon, as Constable of the Fifth Justice District of Polk County, Florida, the fees or mileage allowance demanded by him. Determination of this question requires careful consideration of several acts of the legislature. The services of the appellee were rendered in July, 1947. The 1947 Session of the Florida Legislature enacted Chapter 24337 which Act went into effect on the 16th day of June, 1947. Section 1 of said Act amended Section 16.19 Florida Statutes 1941, F.S.A., and reads as follows:
"16.19. Revision Adopted. The revision, consolidation and compilation of the public statutes of this state of a general and permanent nature, prepared by the attorney general under the provisions of chapter 19140, Laws of Florida, Acts of 1939, and adopted and enacted as the statute law of this state, by chapter 20719, Laws of Florida, Acts of 1941, under the title of `Florida Statutes, 1941,' together with the general laws of the 1941 session of the legislature embraced in the bound volume of said Florida Statutes, 1941, and the repeals, amendments, corrections and additions to said statute, made by the general laws of the 1943 and 1945 sessions of the legislature, as the same now appear in the 1945 Cumulative Supplement to Volume 1, Florida Statutes, 1941, including the readoptions made by chapters 22000 and 22858, Laws of Florida, Acts of 1943 and 1945, and the corrections made by Sects. 7 of said chapters, and by the 1947 session of the legislature, and except as otherwise provided by Sects. 16.20 to 16.23, Florida Statutes, 1941, as hereby amended, be and the same are hereby adopted and enacted as statute law of this state under the title of `Florida Statutes, 1941,' which may be cited as `Florida Statutes, 1941,' or as `F.S. '41.'" (Italics supplied.)
It is necessary for us to construe the foregoing section of Chapter 24337, Laws of Florida 1947, because it is contended by the appellants that Section 1 of said law had the effect of enacting Section 37.20 as it was amended apparently by the revisor (Attorney General) when he prepared the 1945 Cumulative Supplement to Volume 1, Florida Statutes, 1941. Unless Section 1, supra, was an effectual legislative enactment of Section 37.20, F.S. '41, F.S.A., as it was changed or amended by the revisor, Section 37.20 as it read prior to such attempted amendment is the existing law and applies in the instant suit because the legislature did not in any of the subsequent sections of Chapter 24337, supra, expressly amend Section 37.20, F.S. '41, F.S.A. Section 37.20, Florida Statutes, 1941, F.S.A., read as follows: "The fees of constables shall be the same as are at this time allowed sheriffs for like service."
This section in the revisor's compilation which he denominated the "Cumulative Supplement of 1945" reads as follows: "The fees of constables shall be as provided in § 30.23."
Section 30.23, F.S. '41, as amended, F.S.A., does not expressly provide mileage or other fees for a sheriff or constable who might go out of the State of Florida to return a fugitive from justice. Section 30.24, F.S. '41, F.S.A., has not been amended since the legislative session of 1941 and it *183 provides that a sheriff who is required to go beyond the limits of this state to bring back a prisoner charged with any crime should be allowed the sum of 7 cents per mile for the actual distance traveled by him beyond the limits of this state and 7 cents per mile for his prisoner.
Section 30.24, F.S. '41, F.S.A., does not apply to constables unless Section 37.20, F.S. '41, F.S.A. as attempted to be amended is an invalid law. Its validity depends upon a determination as to whether Section 37.20, F.S. '41, F.S.A., as it now appears in the so-called 1945 Cumulative Supplement was ever duly enacted by the legislature. Counsel for appellants admit that after the enactment of Chapter 22587, Laws of Florida, Acts of 1945, revising fees of sheriffs and constables, there might have been a question as to whether or not said Chapter amended Section 37.20, F.S. '41, F.S.A., but they vigorously insist that when the Attorney General, acting pursuant to the authority vested in him by virtue of Section 2(12) (g) of Chapter 22012, Laws of Florida, Acts of 1943, construed said Chapter 22587 to be amendatory of Section 37.20, F.S. '41, F.S.A., and changed said section in accordance with his interpretation and understanding and submitted the same to the legislature in the 1945 Supplement and the legislature enacted and adopted the said Supplement and the changes, repeals, etc. as set forth in the 1945 Supplement, that the original volume of Statutes of 1941 and the changes, amendments and corrections contained in the 1945 Supplement became and were thenceforth statute law of the State of Florida. We would agree with this contention if we could give to that portion of Section 1 of Chapter 24337, Laws of Florida, 1947, which refers to repeals, amendments, corrections and additions, the construction which is given thereto by counsel for appellants. We cannot agree, however, that said Chapter 24337, Laws of Florida, 1947, had the effect of enacting the revisor's concept of the 1945 Cumulative Supplement in its entirety or the repeals, amendments, corrections and additions to the 1945 compilation which might have been incorporated in the revisor's  as distinguished from the legislature's  1945 Cumulative Supplement to Volume 1, Florida Statutes, 1941, by the sole act of the Attorney General or someone or more of his assistants.
In order for the statutory law to be amended it is necessary that the law as amended be enacted by the legislature, either by expressly enacting the Cumulative Supplement in which it is contained in toto or by a separate specific enactment of the amendment itself. We have previously set forth Section 1 of Chapter 24337, Laws of 1947, and have emphasized the following language: "made by the general laws of the 1943 and 1945 sessions of the legislature". Counsel for appellants emphasize the language which immediately follows the foregoing quotation, to-wit: "as the same now appear in the 1945 Cumulative Supplement to Volume 1, Florida Statutes, 1941". The words "the same" refer back to the language "and the repeals, amendments, corrections and additions to said statute, made by the general laws of the 1943 and 1945 sessions of the legislature". (Italics supplied.) Consequently, it is clear that the legislature did not enact the revisor's 1945 Cumulative Supplement to Volume 1, F.S. '41 as a whole although it did so enact or re-enact the Florida Statutes of 1941 which is very significant in that it shows the legislature knew how to legally enact the revisor's 1945 Cumulative Supplement in toto had it had the intention or desire to do so. It is also obvious that only those repeals, amendments, corrections and additions made by the General Laws of the 1943 and 1945 sessions of the legislature were adopted and enacted by Section 1 of Chapter 24337, Laws of Florida, 1947  not those which may have been made by the Attorney General or under his supervision and which were not brought to the attention of the legislature by revisor's bills and as such enacted into law.
Let us assume, as it is insisted by counsel for appellants, that the 1945 Cumulative Supplement was adopted and thereafter became the statute law of Florida under the title of "Florida Statutes, 1941." What then is the 1945 Cumulative Supplement which might have been so adopted? It is that which the legislature declared it to be. The 1945 Cumulative Supplement to Volume 1, Florida Statutes, 1941, before the *184 enactment of Chapter 24337, supra, was nothing more nor less, nor was it intended that it should be anything other than the revisor's compilation of the repeals, amendments, corrections and additions to the Florida Statutes of 1941. The legislature in Section 1 of Chapter 24337, supra, defined the 1945 Cumulative Supplement as being the repeals, amendments, corrections and additions to the Florida Statutes of 1941 which had been made by the 1943 and 1945 sessions of the legislature. Since the 1945 Cumulative Supplement was thus defined at its official inauguration it cannot be said that an amendment which might be found in the revisor's version of the 1945 Cumulative Supplement was ever duly enacted unless it had been made by either the 1943 or 1945 session of the legislature, even if it be conceded that the 1945 Cumulative Supplement, as it actually (by legislative definition) exists, was adopted and enacted by the 1947 session of the legislature.
The title of Chapter 24337, supra, is sufficiently broad to have permitted the adoption and enactment of the revisor's rendition of the 1945 Cumulative Supplement as a whole and it may be said that it discloses an intention to so adopt and enact it. However, the legislature is not required to make its act as broad as the title thereto might suggest. If the language employed by the legislature in the law itself is clear and unambiguous the legislative intent is to be found therein. It is not the function of the Court by judicial fiat to declare a different intent. Of course, if the phraseology of the act is ambiguous or is susceptible of more than one interpretation, it is the court's duty to glean the legislative intent from a consideration of the act as a whole, "the evil to be corrected, the language of the act, including its title, the history of its enactment, and the state of the law already in existence bearing on the subject", Curry v. Lehman, 55 Fla. 847, 47 So. 18, 20, and give that construction to the act which comports with the evident intention of the legislature. If the language of a particular part of a statute imports an intent which leads only to absurdity or to an evil result the strict letter of the law might be required to yield to the obvious intent of the legislature as determined by use of the foregoing formula for statutory construction.
There is no occasion in the instant case to seek an intent other than that which is found in the clear, unambiguous wording of Section 1 of Chapter 24337, supra. The intent found in the language of Section 1 does not lead to absurdity, nor does it suggest evil consequences; indeed, it reflects a studied caution and is salutary in its end effect. The terminology employed by the legislature in Section 1 of Chapter 24337, supra, may be presumed to have been designedly chosen for the very purpose of avoiding the possibility of inadvertently enacting a change, correction, amendment or repeal which might have been made by the revisor under a misapprehension of his authority. Moreover, our conclusion is in line with the procedure which traditionally has been followed by the legislature in providing that repeals, amendments, changes and corrections be made by revisor's bills "duly enacted." The language of Section 1, supra, is not ambiguous and admits of but one construction, to-wit: that only those repeals, amendments, corrections and additions made by the 1943 and 1945 sessions of the legislature were adopted and re-enacted by the force of Section 1, Chapter 24337, Laws of Florida, 1947.
The legislature, and it alone, is clothed with law-making power and no amendment made by the Attorney General can become law "unless it has received the sanction of the legislature in the form of a constitutional enactment." See Mathis v. State, 31 Fla. 291, 12 So. 682, 684. No Amendment of Section 37.20, F.S. '41, F.S.A., was "made by the General Laws" of the 1943 or 1945 Session of the Legislature and it cannot be said that any amendment which was not made by either the General Laws of the 1943 or 1945 Session of the Legislature was duly enacted by Chapter 24337, Laws of Florida, 1947, except those which were specifically enacted by Sections 2, 3, 4, 5 and 7 of said Act. F.S.A. § 16.20 et seq. Our construction is fortified, if indeed it is not clenched, by the fact that Chapter 24337, supra, specifically sets out in Sections 2, 3, 4, 5 and 7 the amendments, corrections and additions which were suggested *185 by the Attorney General through the process of the revisor's bill and considered, approved and enacted by the legislature. This is the procedure which historically has been, and which must be, followed before a change or amendment made by the revisor can become a valid amendment to our statutory law unless there is an adoption and enactment of a complete revision as such. If Section 1 of Chapter 24337, Laws of Florida, 1947, had the effect of enacting into law amendments, corrections etc. which were made by the Attorney General, or some person assisting in the statutory revision work, and the legislature should have so intended, the amendments, corrections and additions which were specifically designated in Sections 2, 3, 4, 5 and 7 of Chapter 24337, Laws of Florida, 1947, were needlessly set forth therein (for they could have been placd in the putative 1945 Cumulative Supplement) and amounted to nothing more than a loss of valuable time as well as a waste of taxpayers' money. However, Sections 2, 3, 4, 5 and 7 were not inadvertently included in Chapter 24337, supra, and their inclusion did not amount to an idle gesture. Section 2(12) (g) of Chapter 22012, Laws of Florida, 1943, did not authorize the Attorney General to amend the statutory law. Had it done so we entertain grave doubt that its action could be sanctioned or approved as constitutional legislation.
Section 2(12) (g) of Chapter 22012, Laws of Florida, 1943, reads as follows: "(g) All statutes and laws, or parts thereof, which have expired, become obsolete, been held invalid by a court of last resort, have had their effect or have served their purpose, or which have been repealed or superceded, either expressly or by implication, shall be omitted through the process of Revisor's bills duly enacted by the Legislature". (Emphasis supplied.) It is the contention of the appellants that the foregoing section was ample authority for the Attorney General on his own initiative to change or amend Section 37.20 as evidently he did amend or change it, and that the legislature vitalized such amendment by adopting and enacting the revisor's 1945 Cumulative Supplement in its entirety. However, as we have previously stated, we cannot agree with this contention. Section 2(12) (g) of Chapter 22012, Laws of Florida, 1943, only expressly provides for omissions to be made and they are to be made "through the process of Revisor's bills duly enacted by the Legislature". If the appellant's position were correct that the Attorney General might make changes or amendments under authority of the above quoted section of Chapter 22012, Laws of Florida, 1943, it would still be necessary that such changes or amendments be made by the legislature through the process of enacting revisor's bills or by enacting such changes or amendments on its own initiative or the legislature would be required to enact as a whole the revisor's composition of the Cumulative Supplement in which such changes or amendments appear before such amendments or changes could become law. The legislature failed by any legally authorized method to enact Section 37.20 as it was amended by the revisor.
Sections 2, 3, 4, 5 and 7 of Chapter 24337, Laws of Florida, 1947, were submitted to the legislature and were duly enacted. Through some evidently honest mistake, oversight or misconception of the Attorney General's power or authority, Section 37.20 was not submitted to the legislature for amendment, or if it was submitted the legislature did not see fit to enact the suggested amendment. Section 37.20 was amended, or more accurately, an attempt was made to amend it by someone who assumed authority which by constitutional provision vests exclusively in the legislature. Section 37.20 as it appears in the 1945 Cumulative Supplement is invalid and Section 37.20 as it appears in F.S. '41, F.S.A., was the law of this State in July, 1947, and controls in the instant case.
The legislature may adopt and enact or re-enact the revised statutes [and perhaps the Cumulative Supplements] as it did the Florida Statutes, 1941, in Section 1 of Chapter 24337, Laws of Florida, 1947, by reference to them as an entire and complete group (see Mathis v. State, supra) but it must expressly do so by apt language. *186 Not only did the 1947 legislature fail to adopt and enact the revisor's compilation of the 1945 Cumulative Supplement by apt language but, on the contrary, it expressly adopted and enacted only those "repeals, amendments, corrections and additions to said statute, made by the general laws of the 1943 and 1945 sessions of the legislature". All amendments, corrections and additions which were suggested and submitted to the legislature and by it approved and adopted were definitely set forth in Sections 2, 3, 4, 5 and 7 of Chapter 24337, Laws of Florida, 1947. Section 37.20 as it appears in the revisor's production of the 1945 Cumulative Supplement cannot be found in any of the foregoing enumerated sections of, or elsewhere in, Chapter 24337, supra.
We hold that an amendment of, or to, a law is not duly enacted when it has been incorporated in a statutory revision by the revisors, acting under the supervision of the Attorney General, unless the legislature enacts the entire Cumulative Supplement in which it appears by direct reference or the proposed amendment is expressly called to the attention of the legislature and receives the approval and "sanction of the legislature in the form of a constitutional enactment." Without acerbity or intentional reflection upon anyone, we observe that a contrary ruling would be fraught with dangerous possibilities. We cannot be persuaded to the view that an amendment made by any person or group of persons which is not enacted as such by the legislature can be judicially declared a valid law.
It was, and is, the clear legal duty of the Board of County Commissioners to pay Pat Gordon, as Constable of the Fifth Justice District of Polk County, the sum of $247.82. The order for issuance of a peremptory writ of mandamus requiring the payment of said sum to Pat Gordon as Constable was properly entered. The foregoing order also ordered and adjudged "that the alternative writ herein be and the same is hereby made perpetual and final."
The question as to whether the above order amounts to a final judgment and is therefore appealable was not raised. However, since the question involves the matter of this Court's jurisdiction we have considered it and have reached the conclusion that the order entered in this cause by the learned Circuit Judge is tantamount to a final judgment. We quote with approval from the case of Security Trust & Savings Bank v. Reser, 58 Mont. 501, 193 P. 532, 533: "`Final judgment' means the finish of the judicial labor, pronouncement of the ultimate conclusion of the court upon the case, and a direction to the clerk to enter judgment." See also State ex rel Boldt v. St. Cloud Milk Producers' Association, 200 Minn. 1, 273 N.W. 603; Williams v. Dean, 175 Va. 435, 9 S.E.2d 327, 329.
The order from which this appeal was prosecuted is hereby affirmed.
SEBRING, C.J., and TERRELL, CHAPMAN and THOMAS, JJ., concur.
ROBERTS, J., concurs in conclusion only.
ADAMS, J., dissents.