Ernest Ellison Auditor General Tallahassee
QUESTIONS:
1. If a clerk of the circuit court receives an application for the issuance of a marriage license, but thereafter no oath is prepared and administered and the marriage license is not issued, sealed, and recorded, what amounts should be collected, and what statutory provisions authorize the same?
2. If a clerk of the circuit court receives an application for the issuance of a marriage license and thereafter prepares and administers the oath and issues, seals, and records the marriage license, what amounts should be collected and what statutory provisions authorize the same?
SUMMARY:
If the clerk of the circuit court receives an application for the issuance of a marriage license, but thereafter no oath is prepared and administered and the marriage license is not issued, sealed, and recorded, the proper amounts of the fees that should be charged and collected by the clerk are $2 pursuant to s.741.01(1), F. S.; $5 pursuant to s. 741.01(2); and $3 pursuant to s. 741.02, F. S., or a total amount of $10. If the clerk of the circuit court receives an application for the issuance of a marriage license and thereafter prepares and administers the oath; issues, seals, and records the marriage license; and provides a certified copy thereof, the proper amounts of fees to be charged and collected are $2 pursuant to s. 741.01(1); $5 pursuant to s.741.01(2); $3 pursuant to s. 741.02; and $10 for services rendered pursuant to s. 28.24(29), F. S., or a total amount of $20.
You state in your letter that the fee and service charge collection practices concerning applications for marriage licenses and their issuance vary and therefore are not uniform among the clerks of circuit court. Some clerks are collecting a total of $20 in fees and service charges pursuant to ss. 741.01(1) and (2),741.02, and 28.24(29), F. S., while other clerks are collecting a total of $18 in fees and service charges pursuant to ss.741.01(2), 741.02, and 28.24(29). You further state that, due to the nature and time of occurrence of legislative action with respect to the cited statutes, including changes made by the statutory reviser, you are in doubt as to the proper fees and service charges the clerks should charge and collect upon receiving an application for the issuance of a marriage license.
AS TO QUESTION 1:
Subsection (1) of s. 741.01, F. S. 1977, which has not been since amended, in pertinent part provides:
 Every marriage license shall be issued by a . . . clerk of the circuit court under his hand and seal. Said . . . clerk of the circuit court shall issue such license, upon application therefor, if there appears no impediment to the marriage. The . . . clerk of the circuit court shall collect and receive a fee of $2 for receiving the application for the issuance of a marriage license. (Emphasis supplied.)
Subsection (2) of s. 741.01, F. S. (1978 Supp.), as amended by s. 7 of Ch. 79-402, Laws of Florida, in pertinent part provides:
 The fee charged for each marriage license issued in the state shall be increased by the sum of $5. This fee shall be collected upon receipt of the application for the issuance of a marriage license . . . . (Emphasis supplied.)
Section 741.02, F. S. 1977, provides:
 Upon the receipt of each application for the issuance of a marriage license, the county court judge or clerk of the circuit court shall, in addition to the fee allowed by s. 741.01, collect and receive an additional fee of $3, to be distributed as provided by s. 384.24. (Emphasis supplied.)
Although s. 28.24, F. S. 1977, has been amended by Chs. 78-366 and 79-266, Laws of Florida, in other particulars, no amendment has been made to subsection (29) of s. 28.24, except for an amendment of the subsection by s. 12 of Ch. 79-400, Laws of Florida, to conform it to editorial substitution of the bracketed word `for' for the word `of' in the 1977 statutes (see note 2 following the history of s. 28.24, F. S. 1977), to correct an apparent typographical error in Ch. 77-284, Laws of Florida (see reviser's notes, s. 12, Ch. 79-400), by which s. 28.24(29) was brought into the Florida Statutes. Section 28.24(29), as amended, provides:
 Upon receipt of an application for a marriage license, for preparing and administering of oath; issuing, sealing, and recording of the marriage license; and providing a certified copy . . . $10.00.
As enacted by s. 1, Ch. 77-284, Laws of Florida, subsection (29) of s. 28.24, F. S., reads:
 Upon receipt of an application of a marriage license, preparing and administering of oath, issuing, sealing and recording of the marriage license, and providing a certified copy . . . $10.00.
The statutory reviser apparently interpolated the text of s.28.24(29), as enacted by Ch. 77-284, by inserting the word `for' preceding the words `preparing and administering of oath,' and substituting semicolons for commas following the words `oath' and `license' therein during the course of compiling and publishing Florida Statutes 1977. This revision of Ch. 77-284 by the reviser may well have effectuated a substantial substantive change in s.28.24(29) or affected the construction or meaning of the law, but it is not necessary at this time to pass upon or reach such question. Section 28.24(29), as printed and published in Florida Statutes 1977, was the prima facie evidence of the law. See ss.11.242(5)(c) and 11.2424, F. S. 1977. McCulley Ford Inc. v. Calvin, 308 So.2d 189 (1 D.C.A. Fla., 1974); Shuman v. State,358 So.2d 1333 (Fla. 1978); and Coulter Electronics, Inc. v. Department of Revenue, 365 So.2d 806 (1 D.C.A. Fla., 1978). The statute has not been, to my knowledge, challenged in the courts, and this office is without authority to anywise alter or strike from the statute law any language or provision of s. 28.24(29), F. S. 1977. By Ch. 79-281, Laws of Florida, the Legislature adopted and enacted as the official statute law of the state under the title of Florida Statutes 1979 the general statutes of 1977 (s.11.2421, F. S. 1979), together with corrections, changes, and amendments to and repeals of provisions thereof enacted inadditional reviser's bills by the 1979 Legislature. Section11.2421, F. S. 1979. All general laws enacted at the 1977 Legislative Session, and every part of such statutes not contained in Florida Statutes 1979, were repealed. Section 11.2422, F. S. 1979. However, to my knowledge, the above-mentioned interpolation and punctuation changes and substitutions in the text of Ch. 77-284 have never been brought to the attention of the Legislature by a valid and proper reviser's bill which has been duly enacted into law by the Legislature. As noted above, an appropriate reviser's bill was submitted to the 1979 Legislature amending Ch. 77-284 to correct an apparent typographical error (not material to the question at hand) in s. 28.24(29), and that amendment was duly enacted into law by the Legislature. In these circumstances, and absent any judicial direction and guidance, I am unable to say that s. 28.24(29), as contained in Florida Statutes 1979, is in law and in fact the official statute law of the state or the official primary evidence of such law. Section 28.24(29), remains, however, presumptively valid and the prima facie evidence of such law. As I have already noted, this office is without authority to determine the validity of s. 28.24(29), F. S. 1979, or to anywise change or modify the language or punctuation thereof. The power to amend this law is vested exclusively in the Legislature. Section 1, Art. III, State Const.; State v. Duval County, 79 So. 692 (Fla. 1918); Atlantic Coast Line R. Co. v. Mack, 57 So.2d 447 (Fla. 1952); Hill v. Morris, 85 So.2d 847 (Fla. 1956); and Foley v. State, 50 So.2d 179 (Fla. 1951). See also 82 C.J.S. Statutes s. 243, p. 412. The power to determine and declare s. 28.24(29), F. S. 1979, to be an illegally enacted and invalid law belongs exclusively to the judiciary. Section 1, Art. V, State Const.; State v. Atlantic Coast Line R. Co., 47 So. 969 (Fla. 1909); Barr v. Watts, 70 So.2d 347 (Fla. 1953); and Atlantic Coast Line R. Co. v. Board of Equalizers, 94 So. 681 (Fla. 1922); see also 82 C.J.S.Statutes s. 76, p. 133.
Section 741.01, F. S. 1977, as amended and reenacted by the 1979 Legislature by Ch. 79-281, Laws of Florida, is the official or primary evidence of such law as enacted by the Legislature. It specifically provides, pursuant to subsection (1) of said statute, that the clerk shall collect and receive a fee of $2 for receivingan application for the issuance of a marriage license. Section741.01(2), F. S. (1978 Supp.), as amended by s. 7 of Ch. 79-402, Laws of Florida, specifically provides for a fee increase of $5 for each marriage license issued. This additional fee is to be `collected upon receipt of the application for the issuance of a marriage license.' Section 741.02, F. S. 1977, provides that the clerk shall collect and receive, upon the receipt of each application for the issuance of a marriage license, and `in addition to the fee allowed by s. 741.01,' an additional fee of $3, to be distributed as provided by s. 382.24, F. S. Therefore, upon receipt of the application for a marriage license, the clerk is required to collect and receive a total of $10, regardless of whether such clerk renders any subsequent services for the issuance of or in fact issues the marriage license.
AS TO QUESTION 2: As previously stated in question 1, until amended by the Legislature or declared to be an illegally enacted and invalid law by the courts, s. 28.24(29), F. S. 1977, is presumptively valid and is prima facie evidence of the law. As such, s. 28.24(29), as reenacted by the 1979 Legislature, requires the clerk of the court to collect a service charge of $10, `for preparing and administering of oath; issuing, sealing, and recording of the marriage license, and providing a certified copy.' Therefore, if the clerk receives an application for the issuance of a marriage license and thereafter prepares and administers the oath and issues, seals, and records the marriage license and provides a certified copy thereof, the clerk should collect a $10 service charge for such services. In addition thereto, the clerk should collect the $2 fee provided in s.741.01(1), F. S., the $5 fee prescribed by s. 741.01(2), and the $3 fee provided in s. 741.02, F. S., or a total of $20.
In summary, therefore, I am of the opinion that, if the clerk of the circuit court receives an application for the issuance of a marriage license, but thereafter no oath is prepared and administered and the marriage license is not issued, sealed, and recorded, the proper amounts of the fees that should be charged and collected by the clerk are $2 pursuant to s. 741.01(1), F. S.; $5 pursuant to s. 741.01(2); and $3 pursuant to s. 741.02, F. S., or a total amount of $10. If the clerk of the circuit court receives an application for the issuance of a marriage license and thereafter prepares and administers the oath; issues, seals, and records the marriage license; and provides a certified copy thereof, the proper amounts of fees to be charged and collected are $2 pursuant to s. 741.01(1); $5 pursuant to s. 741.01(2); $3 pursuant to s. 741.02; and $10 for services rendered pursuant to s. 28.24(29), F. S., or a total amount of $20.
Prepared by:
John W. Williams Assistant Attorney General