JOHN H. MARTIN, PLAINTIFF IN ERROR, VS. J. E. JOHNSON, DEFENDANT IN ERROR.

The failure of the commissioners to include in the revision of the statutes submitted by them to the Legislature of 1891, certain provisions of statutory law in force at the time, did not affect the power of the Legislature to provide in the statute of that year

entitled "An act to enact the revised statutes, and to provide for the printing, sale and distribution thereof," that such omitted provision should be added to the draft of such revision and be made a part thereof; nor did it render the title of the act insufficient as an expression of the subject of the act including such omitted provisions.

Writ of Error to the Circuit Court for Duval county.

The facts of the case are stated in the opinion of the court.

*Walker & L'Engle*, for Plaintiff in Error.

*Cooper & Cooper* for Defendant in Error.

RANEY, C. J.:

This is a proceeding in mandamus, conducted not in conformity to the proper procedure in such cases, in which Martin seeks to compel the defendant in error, the tax collector of Duval county, to deliver to him a license as a retail liquor dealer in election district 19 of Duval county, he having tendered the amount of money, $750, payable to the State and county for a State and county license. The sole ground of the refusal of the tax collector to comply with the demand is that Martin has not complied with Sections 865-868 inclusive of the Revised Statutes. These sections provide, in effect, that such a license shall not be issued to any person without his having obtained a permit to sell, from the board of county commissioners of the county where the business is to be done, which permit is to be issued at a regular meeting of the board, and upon an application signed by a majority of the registered voters of the election district in which the business is to be conducted, which application has to be

published for a period and in a manner prescribed by such sections. It is not denied that Martin has never complied with the requirements of these sections, but the contention is that the sections themselves, owing to the manner of their enactment, are of no legal effect. They, with Section eight hundred and sixty-nine of the same revision, were enacted as a part of Section 7 of the statute approved June 8th, 1891, and entitled: "An act to enact the Revised Statutes of the State of Florida. and to provide for the printing, sale and distribution thereof." In the year 1883 a statute containing provisions of substantially the same import as the stated sections was adopted, and it remained in force at the time of the enactment of the mentioned statute of June 8th, 1891. The commission of revisers, in the exercise of the discretion given them by the act of 1889, to recommend the repeal of existing statutory law, had made such recommendation as to the provisions of the act of 1883, by at least not including them in the revision as it was submitted by them to the Legislature of 1891; but the Legislature not agreeing with the revisers as to the advisability of repealing the regulations referred to, enacted the matter of the named sections of the revision. The language of Section seven of the act of 1891 preceding the provisions now under consideration, is: that the following sections shall be added to the draft or revision submitted by said commissioners, and shall be deemed and taken as a part of the revision and the law of the State as provided in Section 1; and Section one referred to ordains: that the accompanying general revision of the public statutes of Florida revised and reported by the commissioners under an act entitled "An act to provide for the revision and consolidation

of the public statutes of this State," be, with the omissions, alterations and additions from, of and to the same, set forth in Sections 5, 6, and 7, and the same is hereby enacted as statute law under the title of The Revised Statutes of the State of Florida. The objection urged as fatal to the sections of the revision involved here is based on the provision of the Constitution, that each law enacted by the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title. Section 16, Art. III of the Constitution. It is not contended that the organic law cited is offended in any way by any provisions of the revision which were recommended by the commissioners, but it is urged that as the sections now under consideration were not so recommended, they could not be enacted except by separate statute conforming to the stated constitutional provision. The proposition, considering the facts of the case, is nothing more or less than that these provisions could not be retained either in their original or a modified form, as a part of our statutory law and incorporated in the Revised Statutes, without the consent of the revisers manifested by their having included them in their revision submitted to the Legislature. In Mathis vs. State, 31 Fla., 291, 12 South. Rep., 681, where the legality of the enactment of the Revised Statutes is fully considered, it is distinctly held that no power was attempted to be given, or could have been given, to the commissioners to make or repeal any existing law, and that the essential requirements of the Constitution as to there being a bill with an enacting clause and a title embracing but one sub ject and matter properly connected therewith, were sufficiently complied with in the passage of the above act of 1891, adopting the Revised Statutes. Of course

it was never intended that the title of an act revising our statute law, as contemplated by the Constitution (sec. 17, Art. III) should contain an expression of each subject to which the laws as revised related, nor is it so contended; and it is beyond question that the duties of the commissioners and their exercise of the same were in no way a limitation upon the law-making power. The Legislature had the same authority to retain, with or without revisory additions or corrections, what the commissioners did not recommend, as it did to reject what they recommended. The title of the act adopting the Revised Statutes, as has been held in the case cited, is sufficient for any such statute, and to cover any matter included therein whether approved or disapproved by the commissioners. The case made by the plaintiff in error, particularly in view of the decision cited, is altogether without merit.

The judgment is affirmed.