MARY E. DUGAN, *Appellant*, v. J. E. POWELL AND CARRIE POWELL, HIS WIFE, *Appellees*.

Division B.

Opinion Filed June 5, 1926.

Petition for rehearing denied July 8, 1926.

*Wilson & Boswell*, for Appellant;

*Huffaker & Edwards*, for Appellees.

BUFORD, J.—This cause comes before this Court on appeal from orders of the Circuit Judge sustaining demurrer of the bill of complaint and judgment on the demurrer.

The bill of complaint is as follows:

"Comes now the complainant above named by her solicitors, Wilson and Boswell, and brings this her bill of complaint against J. E. Powell, whose Christian name is otherwise unknown, and Carrie C. Powell, his wife, and thereupon your oratrix complains, saying:

That she is a citizen of the State of Massachusetts, residing in the City of Boston; that the defendants J. E. Powell and Carrier C. Powell, his wife, are citizens of the State of Florida residing in Winter Haven in Polk County.

That on the 21st day of August, A. D. 1925, the said above named defendants and your oratrix made and entered into a certain contract in writing, duly executed and acknowledged, and which has been filed for record in the office of the Clerk of the Court of Polk County, on the 28th day of September, A. D. 1925, wherein and whereby the said defendants did agree and obligate themselves to sell and convey to the complainant the following described real estate; Lots six (6), seven (7), eight (8), nine (9) of Block five (5) of Villa Heights Addition to Winter Haven, together with the buildings thereon, being two (2) apartment houses, situate in and being in Polk County, Florida, and your oratrix did agree and obligate herself to purchase the said property for and at the price of twenty-three thousand ($23,000.00) dollars, one thousand ($1,000.00) dollars in cash, the receipt of which was then and there acknowledged, seven thousand three hundred thirty-four ($7,334.00) dollars on delivery of abstract brought down to date, showing property clear, and balance to be evidenced by three (3) notes in amount of four thousand eight hundred eighty-eight ($4,888.00) dollars, being

the amount of the first note, and the remaining two (2) notes each for the sum of four thousand eight hundred and eighty-nine ($4,889.00) dollars, to become due and payable in one (1), two (2), and three (3) years from date with eight per cent (8%) interest and the payment of which was to be secured by mortgage, all of which will more fully appear by reference to the certified copy of said contract hereto attached as "Exhibit A" and made part and parcel of this your oratrix's said bill.

Your oratrix further shows unto your Honor, that, after securing said contract and making payment of one thousand ($1,000.00) dollars therein provided, she returned to the City of Boston for the purpose of making necessary arrangements for returning to Florida for the purpose as herein expressed, and that on the 22nd day of September she left Boston for Florida with the intention of closing the said purchase, as she believed she had a right to do; that she was not a person of but very little experience in business transactions and the meaning of contracts, but understood the meaning of said contract was that the transaction was to be closed within thirty (30) days from the delivery of the abstract, which, in fact, was delivered as your oratrix is informed and believes on the 8th day of September; that your oratrix is advised and informed now that under the terms of said contract she was to have paid to the said defendant, upon the delivery of abstract the sum of seven thousand three hundred thirty-four dollars ($7,334.00), but she did not so understand it at the time of the making of the said contract; that upon arriving at Winter Haven she sought out the said J. E. Powell with the view of completing the said purchase, accepting deed of conveyance and making payment of the proper sums and complying with her contract as she understood the same, but was informed by the said J. E. Powell that she had overslept

her rights in failing to pay the said sum of seven thousand three hundred thirty-four ($7,334.00) dollars upon the delivery of the abstract and that the thirty (30) days in which the transaction was to have been closed had expired and, therefore, he refused to carry out the sale and execute deed of conveyance to your oratrix, claiming that he was relieved therefrom and that he would retain the one thousand ($1,000.00) dollars as damages, notwithstanding the fact that your oratrix advised him that she desired to complete said purchase, was able, ready and willing to comply with the terms of said contract and make the payment.

Your oratrix further shows unto the court that she has long been a resident of the City of Boston and was desirous of changing her place of domicile therefrom to the State of Florida, and before making up her mind as to the place best suited to her in which she might make a home in Florida she inspected various land, none of which suited her until she had brought to her mind the described property, and, after viewing said property she was convinced that same would fill the requirements, tastes and fancies of said complainant as no other property in the community where said property is located would, and your oratrix determined to buy the said property and make same her home and domicile; and your oratrix charges that she knows of no other property that she could buy at a price in keeping with her means and ability; that she could buy no other piece of property that would meet the complainant's requirements as well in the establishing of a home and domicile and no amount of damages to your oratrix could compensate her for the loss of the home she had contemplated establishing upon that particular piece of property, and by reason thereof the said property has a peculiar value to your oratrix which your oratrix cannot measure in terms of dollars and cents.

Your oratrix further shows unto your honor that she is advised and informed, and so charges, that the said contract has no provision therein making time the essence thereof, and that the said defendants have no right to declare the said contract forfeited by reason of the failure of your oratrix to comply therewith strictly without giving your oratrix sufficient notice of their intention to terminate said contract, which notice has not been given.

That said defendant, according to the terms of the contract would only be entitled to claim the said sum of one thousand ($1,000.00) dollars paid in cash upon the execution thereof as damages or on account of the failure of your oratrix to comply strictly with the terms of said contract.

And your oratrix now shows to the court that should the court deem it proper and according to the rules of equity for your orator to bear that loss and pay to the said defendant said one thousand ($1,000.00) dollars, as damages, she is now, and will be, ready and able, upon the Court's decision in the matter to pay the defendant the additional sum of one thousand ($1,000.00) dollars in order to secure a conveyance of the said property by the said defendants.

FORASMUCH, THEREFORE, as your oratrix is without remedy in the premises except in a court of equity, she therefore prays that the said defendant may be required to answer this your oratrix's said bill but not under oath, the answer under oath being hereby specially waived; that the court from all the circumstances surrounding the case shall, at the final hearing thereof, determine whether or not your oratrix shall pay the said defendant the additional sum of one thousand ($1,000.00) dollars as damages, and the said defendant J. E. Powell and Carrie C. Powell, his wife, may be decreed to make, execute and deliver to your oratrix warranty deed of conveyance, conveying the clear

title to said property in accordance with the terms of their said contract, and that your oratrix may have such other and further relief in the premises as the nature of the case may require.

May it please your Honor to grant unto your orator the State's Writ of Subpoena directed to the said defendants, J. E. Powell and Carrie C. Powell, his wife, commanding them to appear at a date to be therein named before the said court to answer your oratrix's bill and to stand to and abide by such decree in the premises as the nature of the case may require.

And your oratrix will ever pray.''

The contract attached thereto is as follows:

''THIS AGREEMENT, made and entered into this the 21st day of August, 1925, by and between J. E. Powell and Carrie C. Powell, his wife, of Winter Haven, Polk County, Florida, parties of the first part, and Mary E. Dugan of Boston, Massachusetts, party of the second part.

WITNESS that the parties of the first part hereby agree to bargain, sell and convey to the party of the second part, and the party of the second part agrees to purchase the following described property in Winter Haven, Polk County, Florida; Lots six (6), seven (7), eight (8), nine (9), block five (5) of Villa Heights Addition to Winter Haven together with the buildings thereon, being two (2) duplex department houses, total price of said property being twenty-three thousand ($23,000.00) dollars, one thousand dollars ($1,000.00) dollars cash, the receipt whereof is hereby acknowledged, seven thousand dollars three hundred thirty-four ($7,334.00) dollars on delivery of abstract brought down to date, showing property clear, allowing fifteen (15) days for examination of said abstract, at which time the parties of the first part are to convey by warranty deed. Party of the second part to give mort-

gage on balance to be evidenced by three (3) notes in amounts of four thousand eight hundred eight-eight ($4,-888.00) dollars, four thousand eight hundred eight-nine ($4,889.00), and four thousand eight hundred eight-nine dollars ($4,889.00), due one (1), two (2), and three years from date of mortgage respectively, with eight (8%) per cent interest per annum, payable semi-annually.

It is mutually understood and agreed that in the event party of the second part defaults in the sum of seven thousand three hundred thirty-four dollars ($7,334.00), then the one thousand ($1,000.00) dollars as herein referred to shall be retained by the parties of the first part as legal damages, this agreement to be closed thirty (30) days from date, or as soon thereafter as abstract of title can be brought down to date, allowing fifteen (15) days for attorney for the party of the second part to examine and approve said abstract.

IN WITNESS WHEREOF, we have hereunto set our hands and seals the day and year above written.

> (Signed) J. E. POWELL,
> (Signed) CARRIE C. POWELL,
> MARY E. DUGAN.

The contract was duly acknowledged.

The demurrer interposed was as follows:

"Come now the defendants, J. E. Powell and Carrie C. Powell, by their undersigned Solicitors, and say that the bill of complaint herein filed is insufficient in law and without equity and demurs to the said bill of complaint for such insufficiency and shows to the Court:

"1. That the said bill fails to make or state a case for equitable relief.

"2. That the Complainant seeks to enforce a different contract from the bill of complaint.

"3. That the complainant seeks to add to, vary, or contradict the terms of the written contract sued upon.

"4. That it appears from the bill of complaint that the complainant has forfeited her right to specific performance of said contract.

"5. That it appears from the bill that the complainant has violated the terms of her said contract and that she is not entitled to coerce the defendants to perform on their part.

"6. That the allegations of the bill are insufficient to excuse the complainant for her breach of contract."

Demurrer was sustained on the first, fourth and fifth grounds and the complainant declining to amend the Bill, judgment was taken on demurrer and the Bill dismissed.

The bill with the exhibit attached thereto does not show that time was of the essence of the contract, neither does it show that a deed of conveyance was tendered by the vendors and refused by the vendee; neither does it show that any notice was given the vendee that forfeiture of the contract would be declared. The bill alleges that the complainant was able, willing and ready to carry out the contract and offered to carry the same into effect by payment of the amount of money stipulated in the contract and that the offer to carry out the same was made to the owners of the property within two or three days after expiration of the thirty (30) days from the date of the contract and that the owners refused to convey basing their refusal upon the fact that the sum of seven thousand three hundred and thirty-four dollars ($7,344.00) was not tendered within thirty (30) days from the signing of the contract and owners claimed the one thousand dollars ($1,000.00) paid as forfeited then under the terms of the contract.

The contract was a valid binding obligation for the pur-

chase and sale of the property described therein and is enforcible in the Court of Chancery. Edmonds vs. Gracy, 61 Fla. 593, 54 South. Rep. 899; Murphy vs. Horne, 73 Fla. 803, 74 South. Rep. 973; Craver vs. Spencer, 40 Fla. 135, 23 South. Rep. 880; Harvey vs. Hayes, 71 Fla. 364, 71 South. Rep. 282.

The bill of complaint sets up such a state of facts as would entitle the complainant to equitable relief and we must therefore hold that the orders appealed from constitute error. Forsell vs. Carter, 65 Fla. 512, 62 South. Rep 926; Felt vs. Morse, 80 Fla. 154, 85 South. Rep. 565; Longworth vs. Taylor, 1st McLean, 395, 14 Peters 172. In the last case cited Mr. Justice Story speaking for the Court ably enunciated the law to be applied in matters of this kind and cites numerous authorities supporting his view. See also Pomeroy's Specific Performance of Contracts, 3 Ed., Sections 373 to 378 inclusive.

The orders of the Chancellor appealed from are reversed.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur;

BROWN, C. J., AND ELLIS, J., concur in the opinion.