TILLMAN PEARSON, Judge.
This is an interlocutory appeal from an order in a common-law action which denied a motion to dismiss or transfer for improper venue. We were reluctant to exercise jurisdiction on this appeal because the order is directly based upon the validity of a State statute. Because this is an interlocutory appeal we could not transfer it to the Supreme Court of Florida, see Dyer v. Battle, Fla. 1964, 165 So.2d 766, which appears to require that an appeal of the type here involved be taken to the appropriate District Court and not to the Supreme Court. We have therefore proceeded here on this appeal and upon rendition of this decision, will certify it to the Supreme Court of Florida as one that passes on a question of great public interest in order to effect review of this decision upon certiorari to the Supreme Court of Florida.
The appellee, Jean Christina, was involved in an automobile accident in Sumter County, Florida, on November 5, 1961. She sued the appellants in the Dade County Circuit Court. The defendants moved to dismiss or to transfer the cause to Sumter County on the ground that venue was improperly laid in Dade County since the cause of action had not arisen there. The defendants .based their contention upon the venue statute, § 46.01 Fla.Stat., F.S.A., asserting that the statute applied to nonresidents by virtue of an amendment to the statute made during the 1963 session of the legislature. Chap. 63-572, Laws of Florida, 1963. The plaintiff’s response to this motion alleged that the purported amendment was unconstitutional and void.
Pursuant to the motion and response the trial judge entered the following order:
“The Court rules that Chapter 63-572, Laws of Florida, 1963, insofar as it purported in § 12 of the said statute, to amend Florida Statutes, § 46.01 so as to remove the provisions which render F.S. § 46.01 inapplicable to non-residents, in invalid and unconstitutional. Chapter 63-572 was enacted contrary to the provisions of Article III, § 16 of the Constitution of the State of Florida, inasmuch as the subject of the statute is not adequately expressed in its title and the statute in question dealt with more than one subject. Accordingly, the motion to dismiss or to transfer for improper venue should be and the same is hereby denied.”
The title of Chapter 63-572, Laws of' Florida, 1963 (House Bill No. 2434) is as, follows:
“AN ACT correcting, amending and repealing certain Sections of the Florida Statutes pursuant to Section 16.-44, Florida Statutes, in accordance with revisor’s notes attached hereto showing changes made and reason-therefor.”
Section 12 of the Act is as follows:
“Section 12. Section 46.01, Florida Statutes, is amended to read:
“46.01 Where suits may be begun.— Suits shall be begun only in the county- *857 (or if the suit is in the justice of the peace court in the justice’s district) where the defendant resides, or where the cause of action accrued, or where the property in litigation is located.”
The reference to the “revisor’s notes attached” shows the following as the re-visor’s comments for § 12:
“SECTION 12.
“Section 46.01, Florida Statutes, is amended to eliminate the second paragraph which requires an affidavit of good faith. This requirement is obsolete and superfluous in view of rule l.S(a) of the rules of civil procedure.”
We conclude that this bill as to the section designated clearly violates Article III, Section 16 of the Constitution of the State of Florida. Webster v. Powell, 36 Fla. 703, 18 So. 441 (1895); County of Hillsborough v. Price, Fla.App.1963, 149 So.2d 912. We see no advantage in extending this opinion for the purpose of citing or discussing numerous cases in accord with the cases cited.
Appellants recognize the rule referred to above, but seek to invoke an exception under authority of Mathis v. State, 31 Fla. 291, 12 So. 681 (1893); and Martin v. Johnson, 33 Fla. 287, 14 So. 725 (1894). In each of "these cases it was held that Article III, Section 16 of the Constitution does not apply to the adoption of the general or statutory laws as revised. The act presently under consideration does not come within the exception because it does not enact an entire code or revision either of all the Florida Statutes or a substantial portion of them. Furthermore it constituted, in part, the actual repeal of an important rule of procedural law without giving notice of such repeal or of the particular subject in the title of the act.
Affirmed.