174 So.2d 443 (1965)
Albert E. GRAMMER, Appellant,
v.
Henry ROMAN, Appellee.
No. 5491.
District Court of Appeal of Florida. Second District.
April 15, 1965.
Rehearing Denied May 17, 1965.
*444 Raymond E. Ford, of Ford & Tye, Fort Pierce, for appellant.
Irving Nathanson, of Freed & Nathanson, Titusville, for appellee.
SMITH, Chief Judge.
This is an interlocutory appeal from an order of the chancellor denying appellant's motion to dismiss appellee's second amended complaint for specific performance of a contract for the sale of real property.
The complaint alleges that Brevard County is the site of the land in question and is the county of the plaintiff's residence and that the defendant-trustee is a resident of Chicago, Illinois; that the trustee holds title to the land by virtue of a deed in trust executed April 3, 1958 by Charles and Ann Reese, his wife, under a trust agreement dated April 3, 1958 and known as Trust No. 1. The deed is attached to the complaint as well as the contract of sale sought to be performed which was executed January 10, 1962 by Albert E. Grammer "as trustee and not individually." All of the terms of the underlying trust agreement and the beneficiaries thereof are not disclosed. The balance of the complaint is in terms usual for specific performance and alleges that the buyer is willing to perform but that the seller refuses to do so. The complaint does not contain a formal allegation that the plaintiff is without an adequate remedy at law.
The defendant's motion to dismiss the complaint asserted: failure to state a cause of action, lack of jurisdiction and venue, lack of a showing by the plaintiff of the absence of an adequate remedy at law and failure to join the beneficiaries of the collateral trust agreement as indispensable parties. The points raised on appeal relate to the above grounds and for the most part can be readily disposed of.
Appellant's points as to failure to state a cause of action and failure to allege lack of an adequate remedy at law are covered by the rule that a complaint for specific performance should not be dismissed if, by any reasonable construction of the averments contained therein, a case is stated which will entitle the complainant to such equitable relief. Dugan v. Powell, 1926, 91 Fla. 1034, 109 So. 202; C.G.J. Corporation v. Hurwitz, et al., Fla.App. 1960, 123 So.2d 44.
*445 The appellant raises questions of jurisdiction and venue. As ultimately amended the complaint named only one defendant, the non-resident trustee who was served by publication pursuant to Fla. Stat. 48.01, F.S.A. This publication of a notice to appear did not give the court personal jurisdiction over this non-resident defendant. Its only jurisdiction was to enter a judgment affecting the real property. Pennoyer v. Neff, 1877, 95 U.S. 714, 24 L.Ed. 565. The land was located in Brevard County and therefore jurisdiction was exclusively in the Circuit Court of Brevard County. Thus this proceeding, although in the form of a personal action, is in fact only a proceeding quasi in rem operating only upon the property or some interest therein. Newton v. Bryan, 1940, 142 Fla. 14, 194 So. 282; Matz v. O'Connell, Fla. App. 1963, 155 So.2d 705.
The above is not inconsistent with our holding in McMullen v. McMullen, Fla. App. 1960, 122 So.2d 626, to the effect that an action by vendors for specific performance of vendee's argreement to buy real property is a transitory action in personam and that venue lies in the place of residence of the defendants irrespective of the place where the property is located. In McMullen the court obtained personal jurisdiction of the defendants and therefore the judgment sought to be obtained would be enforcible against them personally. In the case at bar the judgment may be enforced only against the property. Where jurisdiction of the court exists only by virtue of its jurisdiction of the res venue is not an issue.[1] See 34 Fla.Jur., Venue § 3.
This brings us to tthe question of whether or not the motion to dismiss should have been granted because the complaint failed to join as defendants the beneficiaries of the trust. As a general rule an indispensable party is one whose interest in the subject matter is such that if he is not joined a complete and efficient determination of the equities and rights between the other parties is not possible. Martinez v. Balbin, Fla. 1954, 76 So.2d 488; 39 Am. Jur., Parties, § 6, p. 855. As a general rule the cestui que trust (beneficiary) should be made parties to a suit brought for specific performance of a contract made by the trustee in behalf of the trust. 29 Fla. Jur., Specific Performance, § 119. To consider this question it becomes necessary to study the deed in question in some detail.
The instrument is in the form of what is referred to as an "Illinois Land Trust deed," the purpose of which is to permit a trustee thereunder to convey freely without joinder of spouses or beneficiaries. The Illinois Land Trust in Florida, McKillop, 13 Fla.L.Rev. 173 (1960). The deed names a trustee and is recorded. It grants broad powers to the trustee to protect and conserve, to sell and convey, to mortgage, to lease and to generally deal with the property as if he were the owner of the total estate. Express provision is made therein that third parties dealing with the trustee are relieved of any obligation to inquire that the purchase money be applied in such a way that the terms of the trust are complied with, or to inquire into the authority or necessity of any act of the trustee. Third parties are not privileged to inquire into the terms of the non-recorded trust agreement and it is specifically provided that instruments out of the trustee shall be conclusive evidence in favor of third persons that the trustee acted within the terms of the agreement. The interest of each beneficiary under the trust is expressly declared to be only in the earnings and avails of the property. It is stated such interest of the beneficiaries is personal property carrying *446 no legal or equitable title to the trust realty.
The question is whether under the terms of the above deed the defendant-trustee can convey the land in question or whether the beneficiaries must join in any such conveyance thus making them indispensable parties to this action.
This deed contains enough reference to the nature and purposes of the underlying trust agreement to take it out of the operation of Fla. Stat. § 689.07, F.S.A. In essence this statute provides that the words "trustee" or "as trustee" following the name of the grantee in a deed which contains no other reference to the trust agreement does not, of itself, constitute notice of a trust and fee simple title vests in the trustee. Appellant's basic contention is that since the deed in question is not within this statutory provision the trustee does not have fee simple title and thus the beneficiaries must be joined as defendants. We reject this contention and affirm.
Fla. Stat. § 689.07, F.S.A. was supplemented in 1963 by passage of Fla. Stat. § 689.071, F.S.A. This statute is entitled LAND TRUSTS TRANSFERRING INTERESTS IN REAL ESTATE; OWNERSHIP VESTS IN TRUSTEE. In essence it provides that a deed, in trust, regardless of any reference to an unrecorded trust agreement which does not name the beneficiaries of such trust, shall be effective to vest in such trustee full rights of ownership with full power and authority as provided for in the deed. The amendment provides that it is remedial in nature, its application is to be liberally construed and that it applies to every deed "heretofore or hereafter made."
Appellant urges this amendment is not applicable to this case because the deed and contract in question were executed prior to its passage. Remedial statutes are exceptions to the rule that statutes are addressed to the future, not the past. One of the purposes of such a statute is to give effect to acts and contracts of individuals according to the intention thereof. A remedial statute is one which confers a remedy, and a remedy is the means employed in enforcing a right or in redressing an injury. Crawford, Statutory Construction, § 73, p. 105. Remedial statutes do not come within the legal conception of a retrospective law, or the general rule against the retrospective operation of statutes. Cunningham v. State Plant Board of Florida, Fla.App. 1959, 112 So.2d 905.
The obvious purpose of the amendment is to extend the remedies of § 689.07 to third parties dealing with trustees under deeds of trust which are taken out from its operation by enough reference to the nature and purposes of the secret trust agreement but which fail to reveal the beneficiaries or terms of the collateral agreement. By its terms it is remedial and applies to all deeds, prior and subsequent to its passage, which come within its provisions. It fits the deed we consider here like a glove.
We are aware of appellant's reliance on the case of Resnick v. Goldman, Fla.App. 1961, 133 So.2d 770, but find in view of the passage of the remedial statute since that decision was made and the fact that it was made upon different considerations that it is not applicable to this situation. Resnick held that a purchaser has a right to consider title unmarketable where the tendered trust deed refers to an unrecorded trust agreement and is entitled to rescission of the sale. The buyer in the case at bar is pleading for a trustee's deed without raising any question of the marketability of the title thereunder.
We conclude that a land trust deed such as the one we consider here fully empowers the trustee to deal with the land without joinder of beneficiaries under a trust agreement, the full terms of which are not disclosed. Therefore, the beneficiaries are not indispensable parties in this action to *447 require the trustee to convey pursuant to his contract. See Fla.R.Civ.P. 3.3, 31 F.S.A.
Affirmed.
ALLEN and SHANNON, JJ., concur.
NOTES
[1] By virtue of these facts it is immaterial to our decision whether or not Fla. Stat. 46.01 was constitutionally amended by Chapt. 63-572, Laws of Florida, F.S.A. Chapt. 63-572, Laws of Florida, was declared unconstitutional and void in Jones v. Christina, Fla.App. 1965, 172 So.2d 855 opinion filed March 23, 1965. Neither the 1963 act nor the question of its constitionality was presented to this court.