184 So.2d 181 (1966)
Elmer H. JONES et al., Petitioner,
v.
Jean CHRISTINA, Respondent.
No. 34320.
Supreme Court of Florida.
March 2, 1966.
Rehearing Denied April 4, 1966.
*183 Blackwell, Walker & Gray and James E. Tribble, Miami, for petitioners.
Nichols, Gaither, Beckham, Colson & Spence and Robert Orseck, Miami, for respondent.
DREW, Justice.
This cause comes to us by petition for certiorari directed to a decision certified to us by the District Court of Appeal, Third District, as one which passes upon a question of great public interest.
The trial court, in a common-law action, denied a motion by non-resident defendants, made in reliance on F.S. § 46.01, F.S.A. as amended by Ch. 63-572, Laws of Florida, 1963, to dismiss or transfer for improper venue. The defendants contended that the amendment removed the provision of § 46.01 F.S.A. which had rendered it inapplicable to non-residents. The denial of the motion was predicated on a holding by the trial court that the amendment in question was unconstitutional inasmuch as the subject of the amendatory statute is not adequately expressed in its title and the statute in question dealt with more than one subject contrary to the provisions of Article III, Section 16, of the Florida Constitution, F.S.A.[1]
An interlocutory appeal was taken to the District Court of Appeal, Third District, which affirmed, Jones v. Christina, Fla.App. 1965, 172 So.2d 855. Except in chancery matters, this Court's jurisdiction on appeal is limited to final judgments.[2] Interlocutory orders in common law actions[3] may be reviewed only by the District Courts of Appeal. Hence, although the trial court did directly pass on the validity of a state statute on its interlocutory order relating to venue, this appeal was properly lodged in the District Court and is now here on a certificate of that court. This certification gives us complete jurisdiction to finally dispose of all questions properly presented.[4] Whether we would have jurisdiction absent the certificate is not decided.
Ch. 63-572, Laws of Florida, 1963 was a revisor's bill titled:
"An Act correcting, amending and repealing certain Sections of the Florida Statutes pursuant to Section 16.44, Florida Statutes, in accordance with the revisor's notes attached hereto showing changes made and reason therefor."
Section 12 read:
"46.01. Where suits may be begun.  Suits shall be begun only in the county (or if the suit is in the justice of the peace court in the justice's district) where the defendant resides, or where the cause of action accrued, or where the property in litigation is located."
This amendment did not include the second paragraph of § 46.01 which had read:
*184 "If brought in any county or justice district where the defendant does not reside, the plaintiff, or some person in his behalf, shall make and file with the complaint, an affidavit that the suit is brought in good faith, and with no intention to annoy the defendant. This section shall not apply to suits against non-residents."
The revisor's note for § 12 was:
"Section 46.01, Florida Statutes, is amended to eliminate the second paragraph which requires an affidavit of good faith. This requirement is obsolete and superfluous in view of rule 1.5(a)[5] of the rules of civil procedure [30 F.S.A.]."
The statutory revision power given to the attorney general was intended only for the purification of the statutory law;[6] and not to make changes in the substantive law without express legislative action.[7] The revisor's notes which must, by statute,[8] accompany his bills, give his reason for each recommended change and are an integral part of a revisor's bill and must be considered in any interpretation of it.[9] The revisor's note here clearly established that the intent of the legislature in accepting the amendment proposed by the revisor to F.S. § 46.01, F.S.A. and passing it as Ch. 63-572, Laws of Florida, 1963 was to eliminate the affidavit requirement, not to make this section applicable to non-resident defendants. This interpretation of legislative intent is reinforced by the revisor's bill enacted by the next-ensuing session of the legislature as Ch. 65-1, Laws of 1965, which added to F.S. § 46.01, F.S.A. the following:
"This section shall not apply to suits against non-residents."
Since the clear legislative intent was merely to eliminate the required affidavit and we are bound to effectuate that demonstrated intent, all other portions of § 46.01 remained unchanged by Ch. 63-572 and the section is of no avail to non-residents.
The judgment of the trial court and the decision of the District Court were predicated on the proposition that the questioned act violated Art. III, Section 16, of the Florida Constitution because "the subject of the statute is not adequately expressed in the title and the statute dealt with more than one subject." The quoted language is from the judgment of the trial court which language was approved in the decision and judgment of the District Court which added the additional reason that said act *185 "* * * constituted, in part, the actual repeal of an important rule of procedural law without giving notice of such repeal or the particular subject in the title of the act."
Our conclusion that, construing the act with the revisor's notes, the only change made was the elimination of the required affidavit  leaving the act in all other respects intact, effectively disposes of the concluding observation of the District Court quoted above.
As to the other point, viz. that the mandatory requirements of Art. III, Section 16, Florida Constitution, were not observed, this provision is inapplicable to revisor's bills where, necessarily, many subjects must be dealt with in one bill at regular intervals if the basic purpose of continuing revision is to be accomplished. The revisor's notes are essentially a part of each such bill and each must be construed in the light of such notes which are the explanation for deletions, purification, rearrangements, consolidations and matters of that nature which enable the legislature to keep the statute laws of this State constantly up to date in books of reasonable size. This system has worked well for the past quarter century and has been of the greatest contributions to the effective administration of justice in this State.
There may be  as suggested by the District Court  some difference in the enactment of an entire code and a revisor's bill but the difference is not of substance so far as this question is concerned. This Court has long held that Art. III, Sec. 16, is not applicable to complete revisions.[10] The reasons stated in these decisions are even more cogent when applied to revisors bills. We hold that Chapter 63-572 was validly enacted.
That portion of the decision of the District Court of Appeal holding the subject statute unconstitutional is reversed but, for the reasons herein set forth, the judgment of that court affirming the trial court's action is
Affirmed.
THORNAL, C.J., and THOMAS, ERVIN and HOBSON (Retired), JJ., concur.
NOTES
[1] 16. Each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title, and no law shall be amended or revised by reference to its title only; but in such case the act, as revised, or section, as amended, shall be re-enacted and published at length.
[2] Florida Constitution, Art. 5, § 4(2).
[3] Florida Constitution, Art. 5, § 5(3). F.A.R. 4.2, 31 F.S.A.
[4] Florida Constitution, Art. 5, § 4(2); Susco Car Rental System of Florida v. Leonard, Fla. 1959, 112 So.2d 832; Zirin v. Charles Pfizer & Co., Fla. 1961, 128 So.2d 594; Confederation of Canada Life Ins. Co. v. Vega y Arminan, Fla. 1962, 144 So.2d 805.
[5] Pleadings to be signed by Attorney. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated and who shall be duly licensed to practice law in Florida, and he may be required by an order of court to vouch for his authority to represent and give the address of such party. Except when otherwise specifically provided by these Rules, pleadings as such need not be verified or accompanied by affidavit. The signature of an attorney shall constitute a certificate by him that he has read the pleadings; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading is not signed, or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served."
[6] See F.S. § 16.44(1) F.S.A.
[7] Foley v. State ex rel. Gordon, Fla. 1951, 50 So.2d 179.
[8] * * * Any revision either complete, partial or topical, prepared for submission to the legislature, shall be accompanied by revision and history notes relating to the same, showing the changes made therein, and the reason for such recommended change."
[9] United States ex rel. Almeida v. Baldi (C.C.A.3rd 1952) 195 F.2d 815, 33 A.L.R. 2d 1407; Wine v. Commonwealth of Mass. (1938) 301 Mass. 451, 17 N.E.2d 545, 120 A.L.R. 889; United States v. Flores (1933), 289 U.S. 137, 53 S.Ct. 580, 77 L.Ed. 1086.
[10] Mathis v. State, 1893, 31 Fla. 291, 12 So. 681; Martin v. Johnson, 1894, 33 Fla. 287, 14 So. 725.