CARROLL, Judge.
On January 19, 1969, Roland Bev Kelley and Phil Errington Trimmer, Jr. perished as a result of the crash of a small aircraft in the Atlantic Ocean approximately one mile off the coast of Florida. Both men were residents of the State of Virginia. Trimmer was piloting the aircraft and Kelley was the passenger therein.
A wrongful death action was filed in the circuit court of Dade County by Theo W. Kelley as executor of the estate of Roland Bev Kelley, deceased, against The Central National Bank of Richmond [Virginia] as executor of the estate of Phil Errington Trimmer, Jr., deceased, and the latter’s indemnity insurer, Insurance Company of North America. An action under the survival statute was filed against the same defendants, by First and Merchants National Bank [of Richmond, Virginia], as guardian of Daniel J. Kelley, Stephen G. Kelley and Eric H. Kelley. In each action service was made or attempted on the defendant nonresident executor by substituted service, by serving the Secretary of State.
At the time involved the law provided that upon death of a nonresident person upon whom substituted service could have been had, the personal representative of his estate could be so served. See § 48.161(1) and (2), Fla.Stat., F.S.A. However, at the time involved, the statute law of Florida did not contain a provision for substituted service on a non-resident upon a claim arising from the operation of an aircraft.
In each of the cases the defendant executor filed a motion to quash the process represented by the substituted service. The motions were denied by separate orders. The defendant involved seeks review thereof by these interlocutory appeals. Rule 4.2. (a) FAR, 32 F.S.A. The appeals were consolidated here for briefing and argument. Upon consideration thereof we find error, and reverse.
A wrongful death action, on the same cause of action, also was filed in the United States District Court for the Southern District of Florida, Miami Division (Case No. 71-4 — CIV), by the said Theo W. Kelley as executor of the estate of Roland Bev Kelley, deceased, against the above named defendants. In that case substituted service was made on the nonresident defendant executor in the same manner, A motion filed there *143 by the defendant executor challenging the substituted service necessitated consideration of the same questions relating to the validity of the process which are involved here. The holding of the United States District Court (Joe Eaton, Judge) was that the substituted service was not authorized, and that the said defendant’s motion to dismiss for lack of jurisdiction should be granted. Included in the (unreported) order entered thereon was an opinion in which that court set forth sound and cogent reasons for the decision, as follows:
“In 1963, Florida Statute 47.162 authorized service of process through the secretary of state upon nonresidents who operate, navigate or maintain a boat in Florida. In 1965 the Florida Legislature amended section 47.162 by including nonresident aircraft operators. In 1967 the Legislature revised all chapters of the Florida Statutes relating to civil procedure. 67-254 Laws of Florida (1967). Chapter 47 was revised, amended and transferred to Chapter 48. More specifically, section 47.162 was transferred to 48.19 and the reference to aircraft operators was omitted. In 1970 the Legislature amended section 48.19 by again including nonresident aircraft operators. Thus, reference to aircraft operators was absent from the statute at the time of the accident involved in this case.
“Defendants contend that they are not subject to service of process under F.S. 48.19, F.S.A., because at the time of the accident the statute did not provide for service on nonresidents operating aircraft.
“Plaintiff concedes that the word ‘aircraft’ was not in the statute at the time of the accident. However, plaintiff takes the position that the absence of the word aircraft was purely an error of the re-visors and that, citing Jones v. Christina, Fla.1966, 184 So.2d 181, the statutory revision power given to the attorney general was intended only for the purification of the statutory law, and not to make changes in the substantive law without express legislative action. Therefore, plaintiff says defendants were subject to service of process under F.S. 48.19, F.S.A. and the Court has jurisdiction.
“Plaintiff’s contention is not sustained by the legislative history of the Statute. The 1967 Revisor’s Notes, showing how F.S. 47.162 was affected by the revision, indicate that it was (1) transferred to F.S. 48.19, F.S.A., (2) amended, and (3) that unnecessary language was deleted. Thus the Revisor’s Notes are at best inconclusive. More important is the fact that the 1969 Legislature officially adopted the Statutes enacted by the 1967 Legislature without ‘correcting’ the alleged oversight of the 1967 Legislature. In the 1969 session a bill amending F.S. 48.19, F.S.A., by including nonresident aircraft operators was introduced and although it was placed on the calendar, the bill was not passed during the 1969 session. If plaintiff’s contention — that the omission was merely a revisor’s error that did not reflect the intent of the 1967 Legislature — were correct then the ‘re-visor’s error’ would have been rectified by the 1969 Legislature. This conclusion is supported by the fact that the 1970 amendment was not a Revisor’s Bill and by the fact that the ‘WHEREAS’ clauses in the 1970 amendment do not mention an inadvertent omission of the word ‘aircraft’. The prologue to the 1970 Statute indicates only that under certain circumstances Florida residents should be able to obtain compensation in the Florida courts and that under certain circumstances the Legislature intends that the Florida courts shall have personal jurisdiction over certain nonresidents.
“Jones v. Christina, supra, is not apposite because the question in the case at bar involves jurisdiction rather than venue.
“In view of the fact that long-arm statutes that supply jurisdiction over non *144 resident aircraft operators reach the constitutional limits of jurisdiction and due process, in order that in personam jurisdiction over a nonresident operator be supplied by such a statute, it is necessary that such statute be clearly applicable to the nonresident. The applicability of the statute here is at best questionable.”
We view as correct the decision of the United States District Court relating to the substituted service upon the defendant in question, and approve the reasoning by which that court arrived at its conclusion. Accordingly, we hold the Dade County Circuit Court was in error in denying the motions of the defendant in question challenging such process in these cases. The orders appealed from are reversed, and these causes are remanded to the circuit court with direction to grant the motions of the defendant nonresident executor to quash the substituted service upon it therein.
It is so ordered.