Randy Miller Executive Director Department of Revenue Tallahassee
QUESTION:
In view of the omission of s. 4 of Ch. 77-406, Laws of Florida, from the 1977 publication of the Florida Statutes, are all taxpayers who sever solid minerals required to file the declaration of estimated tax required by s. 211.33(2)(a), F. S., or is the requirement limited to those taxpayers who sever phosphate rock?
SUMMARY:
Until legislatively or judicially determined otherwise, it is my opinion that the provisions of part II of Ch. 211, F. S., as adopted and published in F. S. 1977 and F. S. 1979, and s.211.33(2)(a) in particular, apply to all taxpayers who sever any solid minerals as defined in the severance tax law; the requirement that every such taxpayer file the prescribed declaration of estimated tax for each taxable year is not limited to those taxpayers who sever phosphate rock.
For the reasons hereinafter stated, your question is answered in the affirmative as to the requirement being applicable to all taxpayers severing solid minerals.
Section 211.30, F. S., provides in subsection (1) that solid mineral means:
 [A]ll solid minerals, including, but not limited to, clay, gravel, phosphate rock, lime, shells (excluding live shellfish), stone, sand, and any rare earths which have heretofore been discovered or may be discovered in the future, which are contained in the soils or waters of this state.
The absence of any differentiation between phosphate rock and other solid minerals for the purposes of application of the severance tax is consistent throughout the taxing provisions contained in part II of Ch. 211.
The severance tax is levied as `an excise tax upon every person engaging in the business of severing solid minerals . . . for commercial use.' Section 211.31(1), F. S. (1978 Supp.). Section211.33(2)(a), F. S. 1977, provides `every taxpayer shall make a declaration of estimated tax for the taxable year,' whereas s.211.01(4), F. S. 1977, defines `taxpayer,' in terms of the severance tax law, to be any person or entity liable for the tax imposed by Ch. 211.
As noted in your inquiry, s. 4 of Ch. 77-406, Laws of Florida, provided:
 This act shall apply only to the severance of phosphate rock on and after July 1, 1977.
However, in the course of the compilation and publication of Florida Statutes 1977, this provision was omitted from the statute books as published.
The law in this state is well settled that, in the situation described in your letter, the printed version of F. S. 1977 isprima facie evidence of the law but Ch. 77-406, Laws of Florida, would be the primary evidence of the law until enactment of Florida Statutes 1979. See, e.g., Shuman v. State, 358 So.2d 1333,1338 (Fla. 1978); Coulter Electronics, Inc. v. Department of Revenue, 365 So.2d 806 (1 D.C.A. Fla., 1978); McCulley Ford, Inc. v. Calvin, 308 So.2d 189 (1 D.C.A. Fla., 1974); Foley v. State,50 So.2d 179 (Fla. 1951); and Jones v. Christina, 184 So.2d 181 (Fla. 1966).
In 1978, the legislative changes in the severance tax laws by Ch. 78-136, Laws of Florida, had no impact upon the subject of your inquiry. In Ch. 79-255, Laws of Florida, the Legislature again dealt with the phosphate law, but again this revision did not affect your inquiry. Section 94, Ch. 79-400, Laws of Florida, also amended the severance tax statute but did not affect the subject of your request.
Although F. S. 1979 has not been actually published as of the date of this writing, the Legislature, by Ch. 79-281, Laws of Florida, adopted and enacted as the official statutory law of the state, under the title of `Florida Statutes 1979,' effective immediately upon publication, the general statutes of 1979. Chapter 79-281 adopted the `public statutes' or general and permanent statutes of 1977 together with corrections, changes, and amendments thereto enacted in additional reviser's bills by the 1979 Legislature. All of the general laws enacted during the 1977 Legislative Session, and every part of such statutes, not contained in F. S. 1979 were repealed. See ss. 11.2421 and 11.2422, F. S., as amended by s. 1 of Ch. 79-281. However, the statutory reviser's omission of s. 4, Ch. 77-406, Laws of Florida, from F. S. 1977, or any clarifying amendment to or repeal of the text of omitted s. 4, Ch. 77-406, apparently has never been brought to the attention of the Legislature by a proper reviser's bill and duly enacted into law by the Legislature. See ss. 11.242(5)(c), (h), and (i), 11.2422, and 11.2424, F. S. 1977. An appropriate reviser's bill was submitted to the 1979 Legislature amending s. 211.33(1)(b), F. S., to correct an apparent typographical error in s. 3, Ch. 77-406.See reviser's note, s. 94, Ch. 79-400, Laws of Florida. The statute, in the form printed in F. S. 1977, does not appear to have been questioned in the courts and this office does not have the authority to anywise add to or amend any provision of the severance tax law, part II of Ch. 221, as adopted and published in F. S. 1977 or F. S. 1979.
In these circumstances and in the absence of any legislative or judicial direction or guidance, I am unable to state categorically that the adoption and enactment of F. S. 1979 by Ch. 79-281, Laws of Florida, operated to repeal s. 4 of Ch. 77-406, Laws of Florida, as enacted by the 1977 Legislature, or that the severance tax law (part II, Ch. 211, F. S.) as contained in F. S. 1979 is, in this regard, in law and fact the official statute law of the state or the official primary evidence of such law. However, part II of Ch. 211, as contained in F. S. 1979, effective on publication would appear to remain the prima facie evidence of such law. As I have already noted, this office is without authority to make any additions to or amendments of the severance tax law as the same may have been adopted by s. 1 of Ch. 79-281, Laws of Florida, and published in F. S. 1979. The power to repeal or amend this law is vested exclusively in the Legislature. See 82 C.J.S. Statutes s. 243; Atlantic Coast Line Railroad Co. v. Mack,57 So.2d 447 (Fla. 1952); Hill v. Morris, 85 So.2d 847 (Fla. 1957); and Foley v. State, supra. The power to determine the legality or regularity of the enactment of part II, Ch, 211, or any amendment thereof as adopted and published in F. S. 1977 or F. S. 1979, belongs exclusively to the judiciary. See 82 C.J.S.Statutes s. 76; Barr v. Watts, 70 So.2d 347 (Fla. 1953); State exrel. Atlantic Coast Line Railroad Co. v. State Board of Equalizers, 94 So. 681 (Fla. 1922); Douglas v. Webber, 128 So. 613
(Fla. 1930); and State v. City of Avon Park, 149 So. 409 (Fla. 1933).
In summary, therefore, until legislatively or judicially determined otherwise, it is my opinion that the provisions of part II of Ch. 211, F. S., as adopted and published in F. S. 1977 and F. S. 1979, and s. 211.33(2)(a) in particular, apply to all taxpayers who sever any solid minerals as defined in the severance tax law; the requirement that every such taxpayer file the prescribed declaration of estimated tax for each taxable year is not limited to those taxpayers who sever phosphate rock.
Prepared by:
William D. Townsend Assistant Attorney General