Mr. Larry E. Levy General Counsel of the Property Appraisers' Association 804 First Florida Bank Building Post Office Box 82 Tallahassee, Florida 32302
Dear Mr. Levy:
This is in response to your request for an Attorney General's Opinion on substantially the following question:
 WHETHER A COUNTY PROPERTY APPRAISER ELECTED PRIOR TO THE PASSAGE OF s. 15, CH. 85-226, LAWS OF FLORIDA, WILL HAVE HIS OR HER TERM OF OFFICE SHORTENED BY THE EFFECT OF s. 100.041(4), F.S., AS AMENDED BY s. 14, CH. 85-226, LAWS OF FLORIDA.
You have made this request in your capacity as general counsel for the Property Appraisers' Association of Florida at the request of a number of county property appraisers.
During the 1985 Legislative Session, s. 100.041, F.S., was amended and (4) thereof now reads:
 The term of office of each county and each district officer not otherwise provided by law shall commence on the second Tuesday following his election, except that the term of office for tax collector shall commence on the first Tuesday after the first Monday in January following his election.
Section 14, Ch. 85-226, Laws of Florida. And see, s. 1(d), Art. VIII, State Const., providing that a property appraiser shall serve a four year term of office. The effective date of s.100.041(4), F.S., was legislatively mandated as January 1, 1986. Section 16, Ch. 85-226, Laws of Florida. Further, as provided in s. 15, Ch. 85-226, "[t]his act shall not shorten the terms of any county or district officer serving as of the effective date of this act." Section 15, Ch. 85-226, Laws of Florida, is not codified as a subsection of s. 100.041, F.S., and I am advised by the Division of Legislative Information of the Joint Legislative Management Committee that this section was omitted by the reviser from the 1985 Florida Statutes. The Division of Statutory Revision has expressed the view that s. 15, Ch. 85-226, Laws of Florida, is of limited application and therefore, was not included in the 1985 Florida Statutes. See, s. 11.242(5)(j), F.S., which states that all statutes and laws which are general in form but of such limited application as to make their inclusion in the statutes impractical, undesirable or unnecessary "shall be omitted therefrom, without effecting a repeal thereof." (e.s.)
Section 11.2424, F.S., provides as follows:
 Laws enacted at the 1984 regular and special sessions and the 1985 regular session are not repealed by the adoption and enactment of the Florida Statutes 1985 by s. 11.2421, as amended, but shall have full effect as if enacted after its said adoption and enactment.
And see, s. 11.2421, F.S., adopting the "accompanying revision, consolidation, and compilation of the public statutes of 1983 of a general and permanent nature . . . together with corrections, changes, and amendments to and repeals of provisions of Florida Statutes 1983 enacted in additional reviser's bill or bills by the 1985 Legislature" as the official statutory law of the state under the title "Florida Statutes 1985."
Chapter 85-226, Laws of Florida, was enacted during the 1985 regular session of the Legislature. See, Journal of the Senate, State of Florida, Regular Session, 1985, May 31, 1985, p. 1047 ("SB 22 [Ch. 85-226, Laws of Florida] passed as amended and was ordered engrossed and then enrolled"). Thus, s. 15, Ch. 85-225 continues as an effective legislative enactment. Cf., Jones v. Christina, 184 So.2d 181, 184 (Fla. 1966) ("The statutory revision power . . . was intended only for the purification of the statutory law; and not to make changes in the substantive law without express legislative action"); McCulley Ford, Inc. v. Calvin,308 So.2d 189, 193 (1 D.C.A.Fla., 1974) (statutory revision service lacks authority to rewrite statutes); Shuman v. State,358 So.2d 1333 (Fla. 1978); Coulter Electronics, Inc. v. Department of Revenue, 365 So.2d 806, 809 (1 D.C.A.Fla., 1978) (where Division of Statutory Revision and Indexing, by removing a certain sentence from a statute and converting that sentence into a new and separate subsection, in effect made a substantive statutory change, such change was beyond any power vested in the division and from the date that the statute was enacted until the publication of official acts codifying the enactment, the session law controlled); Foley v. State, 50 So.2d 179, 185 (Fla. 1951) (statutory change made by reviser of statute cannot become a valid amendment of statutory law except through the process of a reviser's bill enacted by the Legislature unless there is legislative adoption and enactment of the complete revision as such); 82 C.J.S. Statutes s. 276b. (in the revision or codification of statutes, a mere change in phraseology or punctuation, or the addition or omission of words, is not regarded as changing the operation, effect or meaning of the statutes, unless the intent to change is clear and unmistakable); and 82 C.J.S. Statutes s. 277, p. 470 (where revised statutes incorporate a particular statute, but not an amendatory act passed before the adoption of the revised statutes, the amendatory act survives such adoption by virtue of a provision of the revised statutes that all statutes enacted after the effective date of the revision and prior to a certain date are to have full effect as if passed after the date of adoption).
Therefore, based upon s. 11.2424, F.S., and s. 11.242(5)(j), F.S., I am of the opinion that s. 15, Ch. 85-226, Laws of Florida, is currently a valid and viable legislative enactment which is applicable to "any county or district officer serving as of (January 1, 1986)."
In sum, it is my opinion that, pursuant to s. 15, Ch. 85-226, Laws of Florida, the term of a county property appraiser serving on January 1, 1986, will not be shortened by the operation of s.100.041, F.S.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General