515 So.2d 1273 (1987)
BROWARD COUNTY, Appellant,
v.
STATE of Florida, et al., Appellees.
No. 70812.
Supreme Court of Florida.
September 24, 1987.
Rehearing Denied November 30, 1987.
Susan F. Delegal, Gen. Counsel for Broward County, Fort Lauderdale, Alan C. Sundberg, of Carlton, Fields, Ward, Emmanuel, Smith, Cutler & Kent, P.A., Tallahassee, and James K. Manning, of Brown & Wood, New York City, for appellant.
Michael J. Satz, State Atty. and Christina L. Spudeas, Asst. State Atty., Fort Lauderdale, and Frank A. Kreidler, Lake Worth, for appellees.
PER CURIAM.
Broward County appeals a circuit court's dismissal of a complaint to validate certain revenue bonds because the court found that the county had failed to join indispensable parties. We have jurisdiction. Art. V, § 3(b)(2), Fla. Const. We hold that the circuit court incorrectly found the bondholders to be indispensable parties. Therefore, we reverse the court's order and remand for further proceedings.
In 1984 the Broward County Commission passed a resolution authorizing the issuance of $590,000,000 in industrial development revenue bonds to provide solid waste disposal facilities. While Broward County proceeded with its bond plans, however, federal laws changed the rules on tax-exempt bonds, setting volume caps and investment limitations on bonds issued after December 31, 1984. In order to meet the federal deadline the county devised a two-step plan whereby it would issue revenue bonds pursuant to chapter 166, Florida Statutes (1983), secure the payment of principal and interest by investing the proceeds in United States government securities, and, in the future, convert the revenue bonds to industrial development revenue bonds under chapter 159, Florida Statutes (1983). This Court affirmed the circuit court's validation of the initial bond issue. State v. Broward County, 468 So.2d 965 (Fla. 1985). The county then sold the bonds.
In February 1987 the county filed a complaint for validation in the circuit court, seeking conversion and validation of the bonds under chapter 159. The state answered the complaint, and a citizens' group intervened and moved to dismiss the complaint on grounds which included the failure to join indispensable parties because the purchasers of the 1984 bonds had not been joined. The trial court dismissed the complaint for validation.
*1274 The only issue presented by this appeal is whether or not the bondholders are indispensable parties to the instant validation proceedings. The state and intervenors argue that they are because the purchasers of the original bonds will, if this bond issue is validated, wind up through the conversion with different bonds, based on different conditions and payable from different sources, than those originally purchased. The state claims that the county fraudulently misrepresented the 1984 bonds, thus making their purchasers indispensable. At best this claim of misrepresentation is a collateral issue and, as such, is beyond the scope of bond validation proceedings. See Taylor v. Lee County, 498 So.2d 424 (Fla. 1986). The county, on the other hand, contends that the purchasers knew full well that the original bonds would be converted and that bondholders are not indispensable parties to a bond validation.
In chapter 75, Florida Statutes (1985), the legislature has set out the statutory requirements for validating bonds. This chapter provides that an entity proposing to issue bonds shall file a complaint for validation with a circuit court and that the circuit's state attorney shall defend against the complaint if the complaint is defective, insufficient, or untrue or if the bond issuance has not been duly authorized. §§ 75.01, 75.02, 75.04, 75.05. Property owners, taxpayers, citizens, and interested persons shall be notified of the complaint "in general terms and without naming them" and may answer the complaint or intervene. §§ 75.05, 75.07.
An indispensable party has been defined as "one whose interest in the subject matter is such that if he is not joined a complete and efficient determination of the equities and rights between the other parties is not possible." Grammer v. Roman, 174 So.2d 443, 445 (Fla. 2d DCA 1965). Under chapter 75 it appears that the only parties absolutely necessary to a bond validation are the issuing entity and, if the conditions necessitating a defense are met, the state. Bondholders do not usually exist when a bond issue is validated except in instances such as the instant case where an issue is being converted or where a bond issue is being refunded.[*] The statutes do not name bondholders as necessary parties.
In return for their investment bond purchasers receive the promise of return of their principal plus the payment of interest until the principal is repaid. In this bond conversion the county has provided that current bondholders can either accept new bonds or else have their current bonds redeemed. The choice rests with the individual bondholders. If these bonds are eventually validated, the bondholders can continue with new bonds or have their current bonds redeemed. If these bonds are not validated, the status quo will continue. We do not, therefore, find the current bondholders indispensable to a "complete and efficient determination" of whether a bond issue should be validated.
Whether or not this bond issue should be validated is not presented in this appeal, and we do not address that issue. We hold that bondholders are not indispensable parties to this bond validation petition. We reverse the circuit court's order holding to the contrary and remand for further proceedings.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] Bondholders have not been declared indispensable in proceedings to validate refunding bonds. E.g., Wohl v. State, 480 So.2d 639 (Fla. 1985); Orlando Utilities Comm'n v. State, 478 So.2d 341 (Fla. 1985); State v. City of Sunrise, 354 So.2d 1206 (Fla. 1978); State v. Jacksonville Expressway Auth., 93 So.2d 870 (Fla. 1957).