PER CURIAM.
Broward County appeals a trial court order denying the validation of certain proposed bonds. We have jurisdiction, article V, section 3(b)(2), Florida Constitution, and reverse the court’s order.
On April 19, 1984, Broward County adopted a resolution authorizing the issuance of $590,000,000 in industrial development bonds to provide solid waste disposal facilities. In the meantime, Congress enacted the Deficit Reduction Act of 1984 which limited tax-exempt industrial development bonds and set volume caps and investment limitations on such bonds issued after December 31, 1984. Deficit Reduction Act of 1984, Pub.L. No. 98-369, §§ 621, 624, 98 Stat. 494, 915-18, 922-24 (1984). Because it would not be able to issue its industrial development bonds before December 31,1984, the county devised a two-step plan whereby it would issue revenue bonds pursuant to chapter 166, Florida Statutes (1983), secure the payment of principal and interest by investing the proceeds in United States securities, and later convert the revenue bonds to industrial development bonds under chapter 159, Florida Statutes (1983).
This Court affirmed the circuit court’s validation of the initial bond issue in State v. Broward County, 468 So.2d 965 (Fla.1985) (Broward I). The court rejected the contention that bonds could not be issued under chapter 166 because the county intended that the plants to be constructed by the bond proceeds would be owned or operated by a private vendor. We noted, however, that at such time as the county sought to convert the bonds into industrial *970 development bonds, it would be necessary to institute a new validation proceeding. The county then issued the chapter 166 bonds. In February 1987, the county filed a complaint for validation under chapter 159. The trial court dismissed the complaint for failure to join the purchasers of the original bonds as indispensable parties. We reversed, holding the bondholders not to be indispensable parties to that bond validation proceeding. Broward County v. State, 515 So.2d 1273 (Fla.1987) (Broward II). Early in 1988, the circuit court again denied validation and conversion, finding the bonds not to have been issued as industrial development bonds before January 1, 1985, and, therefore, not “grandfathered” under the Deficit Reduction Act of 1984.[1]
Section 159.802, Florida Statutes (1987), now provides that private activity bonds subject to section 146 of the Internal Revenue Code (the volume cap section of the Deficit Reduction Act) shall not be issued without a written confirmation from the state. The circuit court denied validation specifically because the county failed to comply with this section. If these bonds were grandfathered under the Deficit Reduction Act, however, no written confirmation would be necessary. Therefore, the only real dispute[2] is whether the bonds were grandfathered.
Obviously, this Court cannot determine whether the interest on these bonds will be exempt from federal income taxation. However, for purposes of passing on the validity of the bonds under Florida law, we conclude that they were grandfathered under the Deficit Reduction Act of 1984. Therefore, the written confirmation contemplated by section 159.802, Florida Statutes (1987), was not required.
The definition of industrial development bonds in the Internal Revenue Code looks to how the proceeds received from the issuance of the bonds will be used. I.R.C. § 103(b)(2) (1984). The county’s original resolution reflected the intent to issue the bonds to provide funding for tax-exempt solid waste disposal facilities to be operated by a private vendor. The county’s intent has never changed.
According to Treasury Regulation section 1.103-13(b)(6) (1988):
The date of issue of an obligation is the date on which there is a physical delivery of the evidences of indebtedness in exchange for the amount of the issue price. For example, obligations are issued when the issuer physically exchanges the obligations for the underwriter’s (or other purchaser’s) check.
Because the bonds were purchased in 1984, this was the date of issuance. Contrary to the trial court’s conclusion, the bonds are not now being reissued.[3] Rather, the bonds are simply being converted in accordance with the original plan approved in Broward I.
We vacate the trial court’s order and direct the trial court to validate these bonds.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
McDONALD, J., concurs in part and dissents in part with an opinion.

. The Act provided that the tax-exempt bonds could be issued without regard to the investment limitations and volume caps if the bonds were issued by December 31, 1984. See Deficit Reduction Act of 1984, Pub.L. No. 98-369, § 624, 98 Stat. 494, 924 (1984).

. The state also claims, inter alia, that the financing scheme impermissibly involves the taxing power of the county and lends the credit of the county to private vendors. We reject these arguments as meritless.

.See Revenue Ruling 79-262, 1979-2 C.B. 33, in which a corporation proposed to purchase and resell all of the industrial development bonds that had been previously issued by a municipality to finance a pollution control facility leased by another corporation and to substitute itself as the lessee and guarantor on the bonds. The Internal Revenue Service held that under these circumstances no reissuance would be deemed to have occurred and the bonds would remain tax exempt.